21987

Diane CARTER, Appellant, v. AMERICAN MUTUAL
FIRE INSURANCE COMPANY, Respondent.

(307 S. E. (2d) 227)

*Ray L. Derrick*, of *Funderburk & Derrick*, Columbia, *for appellant.*

*Jeter E. Rhodes Jr.*, of *Whaley, McCutchen, Blanton & Rhodes*, Columbia, *for respondent.*

Sept. 13, 1983.

GREGORY, Justice:

Appellant Diane Carter brought this action against respondent American Mutual Fire Insurance Company for bad faith refusal to pay benefits allegedly due under a policy of fire insurance. Respondent's demurrer was sustained by the trial judge. We affirm.

The home in which Mrs. Carter lived with her husband, Richard E. Carter, was partially destroyed by fire. Appellant's husband timely notified respondent of his loss. Respondent refused to compensate Mr. Carter for the loss. Mr. and Mrs. Carter brought separate actions against respondent.

Mrs. Carter's complaint alleged bad faith refusal to pay insurance benefits which resulted in damage to her inchoate dower interest in the real property and in severe emotional distress. Respondent demurred to the complaint on the ground that Mrs. Carter was not a named insured under the contract of insurance and her inchoate dower interest did not give her the right to enforce the contract.

The trial judge sustained the demurrer. Mrs. Carter appeals.

Although this Court recently recognized a cause of action for bad faith refusal to pay first party benefits due under an insurance contract, *Richard E. Carter v. American Mutual Fire Insurance Company*, 307 S. E. (2d) 225, filed contemporaneously with this opinion; *Nichols v. State Farm Mutual Automobile Insurance Company*, 306 S. E. (2d) 616 (1983), this cause of action does not extend to a person who is not a party to or a named insured under the insurance contract and who possesses a mere contingent interest, such as an inchoate dower interest, in the property insured.

Accordingly, we affirm the order of the trial judge.

LEWIS, C. J., NESS and HARWELL, JJ., and PAUL M. MOORE, Acting Associate Justice, concur.