21986

Richard E. CARTER, Appellant, v. AMERICAN MUTUAL
FIRE INSURANCE COMPANY, Respondent.

(307 S. E. (2d) 225)

*Ray L. Derrick,* of *Funderburk & Derrick,* Columbia, *for appellant.*

*Jeter E. Rhodes, Jr.,* of *Whaley, McCutchen, Blanton & Rhodes,* Columbia, *for respondent.*

Sept. 13, 1983.

GREGORY, Justice:

Appellant Richard E. Carter appeals from the order of the trial judge sustaining respondent's demurrer to causes of action alleging bad faith refusal to pay insurance benefits and intentional infliction of emotional distress. We reverse in part and affirm in part.

Appellant's home, furniture, and personal belongings were partially destroyed and damaged by fire. He timely submitted a Proof of Loss statement to his insurer, respondent American Mutual Fire Insurance Company. Respondent refused to compensate appellant for any of his loss. Appellant then brought this action alleging bad faith refusal to pay insurance benefits, intentional infliction of emotional distress, and two other causes of action not relevant to this appeal.

Respondent demurred to the causes of action alleging bad faith refusal to pay insurance benefits and intentional infliction of emotional distress. The judge sustained the demurrer finding (1) the only duty allegedly owed appellant was a contractual one; that allegations couched in terms of negli-

gence could not convert a breach of contract action into a tort action; and that to recover punitive damages for breach of contract, appellant must show the breach was accompanied by a fraudulent act and accomplished with fraudulent intent; and (2) the allegations of the complaint did not describe extreme or outrageous behavior. Mr. Carter appeals.

This Court recently recognized a cause of action for bad faith refusal to pay party benefits due under an insurance contract in *Nichols v. State Farm Mutual Automobile Insurance Company*, 306 S. E. (2d) 616 (1983). We held that if an insured can demonstrate bad faith or unreasonable refusal by an insurer to pay first party benefits due under an insurance contract, he can recover compensatory damages not limited to the face amount of the contract. We further held that if the insured can demonstrate the insurer's actions were willful or in reckless disregard of the insured's rights, he can recover punitive damages. We therefore find the trial judge erred in sustaining respondent's demurrer to appellant's cause of action alleging bad faith refusal to pay insurance benefits.

Appellant's remaining exceptions are without merit, and a full, written opinion would have no precedential value; therefore, we affirm those issues under Rule 23 of this Court's Rules of Practice.

Accordingly, we reverse the order sustaining the demurrer as it applies to the cause of action alleging bad faith refusal to pay insurance benefits and affirm the remainder.

Reversed in part; affirmed in part.

LEWIS, C. J., NESS and HARWELL, JJ., and PAUL M. MOORE, Acting Associate Justice, concur.