22494

Carol ATEYEH, Appellant v. VOLKSWAGEN OF FLORENCE, INC. and United of Omaha Life Insurance Company (formerly United Benefit Life Insurance Company), Defendants, of whom United of Omaha Life Insurance (formerly United Benefit Life Insurance Company) is the Respondent.

(341 S. E. (2d) 378)

Supreme Court

*Reginald C. Brown, Jr.,* of *Hyman, Morgan, Brown, Jeffords, Rushton & Hatfield,* and *Eugene A. Fallon, Jr.,* of *Fallon & Odom,* Florence, *for appellant.*

*George E. Lafaye, III,* of *McCants, Nelson, Green & LaFaye,* Columbia, and *J. Boone Aiken, III,* of *Coleman, Aiken & Chase,* Florence, *for United of Omaha Life Ins. Co.*

Heard Jan. 21, 1986.

Decided March 6, 1986.

NESS, Chief Justice:

Appellant Ateyeh brought suit against Volkswagen of Florence and respondent United of Omaha alleging five causes of action. The trial judge sustained United's demurrer of three of the causes of action. We reverse.

Ateyeh's husband Adnan was employed by Volkswagen and both were covered by a health insurance policy issued to Adnan by United. Adnan was hospitalized with an illness which eventually resulted in his death. During his hospitalization, United attempted to cancel the health insurance policy, and Adnan purchased a converted policy. It was later discovered that the converted policy provided substantially less benefits than the group policy. The group policy had provided $750,000 in major medical benefits and the converted policy paid benefits of $50 a day during hospitalization.

Ateyeh sued in her own name[1] alleging breach of contract, breach of contract accompanied by a fraudulent act, fraud, bad faith failure to pay insurance benefits, and outrage. The trial judge sustained the demurrers as to breach of contract, breach of contract accompanied by a fraudulent act and bad faith failure to pay insurance benefits on the grounds that Ateyeh was not a party to the insurance contract and lacked capacity to sue.

A cause of action for breach of a health insurance contract is an action for damages under the contract. The cause of action vests in the policyholder. *Reserve Life Insurance Company v. Peavy*, 94 Ga. App. 31, 93 S. E. (2d) 580 (1956). The right to a cause of action under a health insurance policy is in the insured until his death, and any remaining right vests in the insured's representative. *Bailey v. Bankers Health & Life Insurance Company*, 69 Ga. App. 71, 24 S. E. (2d) 740 (1943). Therefore, a decedent's estate is ordinarily the proper party to sue for damages on a health insurance policy.

---

[1] Ateyeh also brought an identical action in her capacity as representative of her husband's estate. That action is not involved in this appeal.

However, when one spouse is individually liable for the medical expenses of the other spouse, he may be a proper party to sue for benefits under a health insurance policy. *Kenelia v. Glens Falls Insurance Company*, 171 N. J. Super., 144, 408 A.(2d) 144 (1979). In South Carolina, a husband or wife may be held individually liable for medical benefits furnished to the other spouse. *Richland Memorial Hospital v. Burton*, 282 S. C. 159, 318 S. E. (2d) 12 (1984); S. C. Code Ann. Section 20-5-60 (1976). Since Ateyeh may be held individually liable for her husband's medical expenses, she has a sufficient interest in enforcement of the health insurance policy to enable her to maintain a cause of action for breach of contract. The trial judge erred in sustaining the demurrer on the breach of contract action.

An action for breach of contract accompanied by a fraudulent act is an action in contract. *Peeples v. Orkin Exterminating Company, Inc.*, 244 S. C. 173, 135 S. E. (2d) 845 (1964). There is no cause of action distinct from breach of contract from breach of contract accompanied by a fraudulent act. *Smith v. Canal Insurance Company*, 275 S. C. 256, 269 S. E. (2d) 348 (1980). Ateyeh's right to seek punitive damages for breach of contract is dependent upon her right to maintain the contract action. Since we have held Ateyeh is a proper party to sue for breach of contract, she may also seek punitive damages for the breach if she can make the requisite showing. See, *Floyd v. Country Squire Mobile Homes*, 287 S. C. 51, 336 S. E. (2d) 502 (Ct. App. 1985).

The trial judge sustained the demurrer on the cause of action for bad faith failure to pay insurance benefits on the basis of our decision in *Carter v. American Mutual Fire Insurance Company*, 279 S. C. 367, 307 S. E. (2d) 227 (1983). In that case, we held that a party who possesses a mere contingent interest in the policy could not maintain a *Nichols*[2] cause of action. By virtue of the necessaries doctrine, Ateyeh stands in a derivative policyholder position, and her interest in enforcement of the policy is not merely contingent. The demurrer should have been overruled.

---

[2] *Nichols v. State Farm Mutual Automobile Insurance Company*, 279 S. C. 336, 306 S. E. (2d) 616 (1983).

The decision of the trial judge is reversed, and the case remanded for further proceedings.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.