0844

Kenneth COOK, Respondent v. MACK'S TRANSFER & STORAGE, Mayfield & Taylor and United States Fidelity & Guaranty Company. Appeal of MACK'S TRANSFER & STORAGE and United States Fidelity & Guaranty Company.

(352 S. E. (2d) 296)

Court of Appeals

*Arthur M. Flowers, Jr.*, of *Moore, Flowers & Doar*, Georgetown, *for appellant Mack's Transfer & Storage.*

*Elliott T. Halio*, of *Halio & Halio*, Charleston, *for appellant U. S. Fidelity & Guar. Co.*

*Clark D. Hopkins, Jr.*, Hanahan, *for respondent.*

Heard Sept. 16, 1986.

Decided Dec. 29, 1986.

BELL, Judge:

Kenneth Cook commenced this action in the circuit court for bad faith refusal to pay benefits due on a workers' compensation claim. Mack's Transfer & Storage was Cook's employer at the time of the accident giving rise to the claim. United States Fidelity & Guaranty Company was Mack's workers' compensation insurance carrier. Both defendants demurred to the complaint on the ground that the circuit court lacks subject matter jurisdiction in that Cook's exclusive remedy is under the Workers' Compensation Act.[1] The circuit court held the complaint stated a cause of action under *Nichols v. State Farm Mutual Automobile Insurance Co.*, 279 S. C. 336, 306 S. E. (2d) 616 (1983), and overruled the demurrers. Mack's and the Guaranty Company appeal. We reverse.

The complaint alleges the following facts, which are taken as true for the purpose of ruling on the demurrers. Cook was employed as a long distance driver by Mack's. He was injured in an automobile accident arising out of and in the course of his employment. He gave Mack's notice of the accident and his injury. However, Mack's initially failed to advise Guaranty Company of the information necessary to process Cook's workers' compensation claim. When Mack's and Cook eventually supplied Guaranty Company with the

---

[1] Section 42-1-10 to 42-19-50, Code of Laws of South Carolina, 1976, as amended.

information, Guaranty Company refused to honor the claim. As a result, Cook has incurred unreimbursed medical expenses, has been denied workers' compensation benefits of $287.16 weekly, has been unable to pay his debts or provide for his family, and has experienced mental suffering. Cook alleges Guaranty Company's refusal to pay his workers' compensation claim was willful, malicious, and in bad faith. He seeks judgment against Mack's and Guaranty Company, jointly and severally, for one million dollars actual and punitive damages.

The issue on appeal is whether a worker who sustains an injury covered by the Workers' Compensation Act may bring a separate action in the courts for damages if the employer and the employer's insurance carrier allegedly act in bad faith in processing and paying his claim. We hold such an action may not be maintained.

## I.

Workers' compensation was enacted to correct a perceived inadequacy of the common law to provide a remedy for employees who sustain work related injuries. The common law required the worker to prove he was injured as a result of fault on the part of his employer in order to receive compensation. It also gave the employer the defenses of assumption of risk, contributory negligence, and the fellow servant rule. Injured employees often received little or no compensation because of the difficulty of proving the employer's negligence or because of the availability of a defense to bar recovery. The Workers' Compensation Act was founded upon a recognition that it is desirable to discard the common law doctrines of tort liability in the employer-employee relationship and susbstitute a duty of the employer, regardless of fault, to compensate the employee, in predetermined amounts based upon his wages, for loss of earnings resulting from accidental injury arising out of and in the course of his employment. *See Parker v. Williams & Madjanik, Inc.,* 275 S. C. 65, 267 S. E. (2d) 524 (1980).

In effect, the Workers' Compensation Act shifts from the employee to the employer the risk of work related injuries incident to modern industrial activity. In return, it requires the worker, as a condition for receiving the benefits of the

Act, to surrender his right to sue at common law. This balancing of advantages is embodied in the exclusive rights and remedies provision of the Act:

> The rights and remedies granted by this Title to an employee when he and his employer have accepted the provisions of this Title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee ... as against his employer, at common law or otherwise, on account of such injury, loss of service or death.

Section 42-1-540, Code of Laws of South Carolina, 1976.

This provision bars all actions against an employer where a personal injury to an employee comes within the Act. It makes the Act the exclusive means of settling all such claims. *Doe v. South Carolina State Hospital*, 285 S. C. 183, 328 S. E. (2d) 652 (Ct. App. 1985). In some cases, the amount of compensation available under the Act may be substantially less than could be recovered in a successful common law action; but in other cases the employee will receive benefits he would not otherwise have enjoyed because of his inability to establish the employer's common law liability. This is a balance struck by the Legislature in order to afford the widest practical coverage for work related injuries.

The Workers' Compensation Act provides an exclusive system of compensation in derogation of common law rights and is not cumulative or supplemental thereto, but wholly substitutional. *Caughman v. Columbia YMCA*, 212 S. C. 337, 47 S. E. (2d) 788 (1948). The compensation afforded by the Act is statutory in character, and the right of any claimant thereto is dependent upon the terms and conditions of the statute. *Owens v. Herndon*, 252 S. C. 166, 165 S. E. (2d) 696 (1969); *Young v. Hyman Motors, Inc.*, 199 S. C. 233, 19 S. E. (2d) 109 (1942). These include the procedures for adjudicating a compensation claim as well as the terms and conditions of substantive entitlement.

This case involves an alleged refusal to pay statutory compensation benefits, a situation expressly covered by the Act. The Act provides that if an employer and injured em-

ployee fail to reach an agreement in regard to compensation within fourteen days after the employer has knowledge of the injury, then the worker may make application to the Commission for a hearing in regard to the matters at issue and for ruling thereon. Section 42-17-20. The statute further provides that all questions arising under the Act, if not settled by agreement of the parties, shall be determined by the Commission. Section 42-3-180. Thus, where a remedy exists under the statute, the injured worker no longer has the right to bring a common law action to enforce his claim. As noted above, the Act excludes all other rights and remedies of the employee at common law or otherwise. Section 42-1-540.

Since Mack's and the Guaranty Company allegedly refused to pay Cook's compensation claim, the Act gave Cook the right to make application to the Commission for benefits. The Act itself provides for speedy adjudication of all controversies over the processing of an injured workers' claim for benefits. If the dispute concerns an alleged wrongful denial of statutory benefits, the Commission has exclusive jurisdiction to adjudicate the controversy. Whether the denial is willful, in bad faith, negligent, or the result of a good faith difference is immaterial to the question of the Commission's exclusive jurisdiction. Since a remedy exists under the statute, the injured worker has no right to bring a common law action in the courts. Accordingly, the circuit court erred in holding Cook may prosecute an action in the courts for refusal to pay workers' compensation benefits.

## II.

Cook acknowledges the Commission's exclusive jurisdiction of claims for workers' compensation benefits. He argues, however, that his injury arises not from his employment, but from the refusal of Mack's and the Guaranty Company to pay him benefits. Moreover, he asserts the remedies provided by the Acts are not sufficient to compensate him for the additional damages he suffered as a result of the delay in paying his claim. Thus, he maintains, he has an independent cause of action under *Nichols v. State Farm Mutual Automobile Insurance Co.*, *supra*. This argument is unpersuasive for several reasons.

## A.

We have previously explained that *Nichols* changed the law by modifying the rule that damages for breach of an obligation to pay money are generally limited to the amount due plus interest. *See Brown v. South Carolina Insurance Co.*, 284 S. C. 47, 324 S. E. (2d) 641 (Ct. App. 1984), *appeal dismissed*, 290 S. C. 154, 348 S. E. (2d) 530 (1986). In *Nichols*, the Supreme Court held that if an insured can demonstrate bad faith or unreasonable refusal by an insurer to pay first party benefits due under a mutually binding insurance contract, he can recover damages not limited to the face amount of the policy. A necessary element of the plaintiff's case in a *Nichols* action is to prove benefits are due under a mutually binding contract. *See Barlett v. Nationwide Mutual Fire Insurance Co.*, 290 S. C. 154, 348 S. E. (2d) 530 (Ct. App. 1986).

In this case, Cook's substantive entitlement to benefits is a creature of statute, not contract. By analogy, therefore, Cook would have to prove the injury for which he claims benefits is compensable under the statute in order to recover on a *Nichols* cause of action. Otherwise, the refusal to pay benefits would not be wrongful. Yet it is precisely the question of whether an injury is compensable under the statute which is within the exclusive jurisdiction of the Commission, not the courts.

> The purpose of the Workers' Compensation Law is to provide an exclusive means of settling all claims for personal injuries arising out of and in the course of an employment relationship.

*Lowery v. Wade Hampton Co.*, 270 S. C. 194, 198, 241 S. E. (2d) 556, 558 (1978). Consequently, to recognize a *Nichols* cause of action for refusal to pay workers' compensation would deprive the Commission of a jurisdiction the Legislature has decreed that it, and it alone, possesses to decide workers' compensation claims. The courts would defeat the legislative purpose if they undertook to adjudicate the validity of claims for workers' compensation benefits as an element of a *Nichols* suit. Exclusivity is not incidental to the system of workers' compensation; it is an essential feature of a comprehensive legislative plan for compensating workplace injuries.

## B.

To allow an action for bad faith refusal to pay benefits due under the workers' compensation statute would also require an extension of the *Nichols* doctrine from its original context in the law of insurance to the wholly different context of statutory entitlements. If a *Nichols* action will lie for refusal to pay workers' compensation benefits, then in principle it will lie for refusal to pay any statutory entitlement. This might include welfare benefits, proceeds of statutory bonds, and a myriad of other entitlements common in today's society. In our opinion, *Nichols* was never intended to have such far reaching application.

## C.

Cook also fails to come within the scope of *Nichols* because he is a third party to the insurance contract in question, the contract between Mack's and the Guaranty Company. *Nichols* provides an additional remedy to the insured, not to third parties. In those cases where our courts have sustained the bad faith cause of action, the plaintiff was the insured himself. *See, e.g., Carter v. American Mutual Fire Insurance Co.*, 279 S. C. 367, 307 S. E. (2d) 225 (1983); *Wilson v. Insurance Co. of North America*, 281 S. C. 76, 313 S. E. (2d) 640 (Ct. App. 1984); *Brown v. South Carolina Insurance Co., supra.* On the other hand, our courts have refused to recognize a *Nichols* claim by third parties. *See, e.g., Carter v. American Mutual Fire Ins. Co.*, 279 S. C. 368, 307 S. E. (2d) 227 (1983); *Swinton v. Chubb & Son, Inc.*, 283 S. C. 11, 320 S. E. (2d) 495 (Ct. App. 1984); *cf., Kennedy v. Henderson*, 289 S. C. 393, 346 S. E. (2d) 526 (1986) (no cause of action for negligent failure to pay third party claim against surety bond).

Cook attempts to circumvent the difficulty of his third party status by arguing that Section 42-5-80, in effect, makes him a first party to the contract. That section provides, in part:

> No policy of insurance against liability arising under this Title shall be issued unless it contains the agreement of the insurer that it will promptly pay to the person entitled thereto all benefits conferred by this Title.... Such agreement shall be construed to be a

direct promise by the insurer to the person entitled to compensation enforceable in his name.

This provision is part of the comprehensive framework for enforcement of the workers' right to benefits under the Act. As we have noted above, another element of the statutory scheme is the exclusive jurisdiction of the Commission to determine all claims for benefits. The worker's right to enforce a claim directly against the insurer is a statutory right which can only be exercised within the framework of the statute. A claimant cannot use this section to bootstrap himself into a common law cause of action which he would not otherwise have standing to bring, while ignoring the exclusive statutory procedures for settling workers'-compensation claims. Cook cannot adopt the statute for one purpose and disavow it for another.

## D.

We have studied the decisions of other courts to find guidance for our thinking. The majority of jurisdictions addressing the question have refused to permit an independent tort action for disputes over nonpayment of workers' compensation benefits.[2] We are aware the courts of a few states have permitted an independent tort action on facts

[2] *See Sandoval v. Salt River Project,* 117 Ariz. 209, 571 P. (2d) 706 (Ct. App. 1977) (exclusive jurisdiction of Industrial Commission bars common law action against self-insured employer for wrongful denial of benefits); *Everfield v. State Compensation Ins. Fund,* 115 Cal. App. (3d) 15, 171 Cal. Rptr. 164 (1981) (exclusivity bars action against insurer for intentional, deceitful, bad faith delay in payment); *Bright v. Nimmo,* 253 Ga. 378, 320 S. E. (2d) 365 (1984) (workers' compensation act's penalties for delayed payments bar action against insurer or employer); *Hicks v. Board of Educ.,* 77 Ill. App. (3d) 974, 33 Ill. Dec. 683, 397 N. E. (2d) 16 (1979) (sole remedy against Board for delay in processing claim is complaint to Industrial Commission); *Hormann v. New Hampshire Ins. Co.,* 236 Kan. 190, 689 P. (2d) 837 (1984) (exclusivity of workers' compensation act bars action against insurers for tortious termination of benefits); *Physicians & Surgeons Hosp., Inc. v. Leone,* 399 So. (2d) 806 (La. Ct. App. 1981) (exclusivity of workers' compensation act bars action against employer or insurer for failure to pay benefits); *Young v. United States Fidelity & Guar. Co.,* 588 S. W. (2d) 46 (Mo. App. 1979) (no common law action against insurer for intentional and malicious failure to pay benefits because workers' compensation legislation is sufficient deterrent); *Gonzales v. United States Fidelity & Guar. Co.,* 99 N. M. 432, 659 P. (2d) 318 (1983) (exclusivity bars action against insurer for termination of benefits).

similar to those alleged by Cook.[3] Some of those decisions involved statutes materially different from the South Carolina Workers' Compensation Act. Others, in ·our opinion, represent an unwarranted exercise of judicial policymaking in circumvention of plain legislative intent to make the workers' compensation remedy exclusive.[4] It is true that most workers' compensation laws were enacted at a time when the possibility of recovery under the tort law was much more restricted than it is today. The recent judicial trend has been to expand tort remedies and to lower many of the barriers to recovery that formerly existed. As a consequence, a worker whose injury is compensable exclusively under the workers' compensation law may be at a disadvantage compared to a person with access to modern tort remedies. We do not, however, conceive it as a proper function of the courts to amend statutory law by judicial fiat in order to "improve" it or bring it in line with current developments in the law. If the statute needs amending to afford more complete relief against employers who refuse to pay claims, that is the function of the Legislature, not this Court. Inadequacy of the statutory remedy is not a sufficient ground to override the plain legislative mandate that the remedies of the Act shall exclude all other rights and remedies. *Doe v. South Carolina State Hospital, supra.*

---

[3] *See Robertson v. Travelers Ins. Co.*, 100 Ill. App. (3d) 845, 56 Ill. Dec. 845, 427 N. E. (2d) 302 (1981) (action permitted for outrage against insurer who deliberately delayed payment of compensation until after statute of limitations had run), *rev'd*, 95 Ill. (2d) 441, 69 Ill. Dec. 954, 448 N. E. (2d) 866 (1983) (exclusivity of workers' compensation act bars common law action against insurer); *Gibson v. National Ben Franklin Ins. Co.*, 387 A. (2d) 220 (Me. 1978) (permitting action against carrier for intentional termination of payments due under approved agreement); *Broaddus v. Ferndale Fastener Div.*, 84 Mich. App. 593, 269 N. W. (2d) 689 (1978) (permitting action against employer and insurer for intentional wrongful termination of benefits); *Hayes v. Aetna Fire Underwriters*, 187 Mont. 148, 609 P. (2d) 257 (1980) (permitting action against insurer for intentional bad faith adjusting and processing of claim); *Coleman v. American Universal Ins. Co.*, 86 Wis. (2d) 615, 273 N. W. (2d) 220 (1979) (action for bad faith refusal to pay benefits permitted despite statutory penalty for late payments and exclusivity of workers' compensation act).

[4] The Wisconsin legislature repudiated the holding in *Coleman v. American Universal Ins. Co.*, supra note 3, by enacting Wis. Stat. Ann. § 102.-18(1)(b) (West Supp. 1986), which specifically provided that the workers' compensation act is the sole remedy against an employer or insurer for bad faith denial of claims.

Because exclusive jurisdiction of Cook's claim rests with the Commission, the circuit court ought to have sustained the defendants' demurrers. Accordingly, the judgment of the circuit court is reversed.

Reversed.

CURETON and GOOLSBY, JJ., concur.