A94A2127. OWENS v. ALLSTATE INSURANCE COMPANY.
(455 SE2d 368)

RUFFIN, Judge.

On May 23, 1991, Jack Brunson was involved in a motor vehicle accident with Donna Owens. At the time of the collision, Brunson was insured under an automobile insurance policy issued by Allstate Insurance Company ("Allstate"). On August 12, 1991, Owens' attorney sent Allstate a letter reporting the incident and requesting payment for her medical bills. On August 30, 1991, Allstate sent Brunson a letter to the address listed on his policy, requesting that he contact Allstate to discuss the matter. Brunson did not call Allstate regarding the incident, and on October 25, 1991, Owens filed suit against him

for personal injuries allegedly arising from the incident. Brunson was eventually served by publication but did not inform Allstate about the lawsuit and completely disregarded it. On August 21, 1992, Owens took a default judgment against Brunson in the amount of $217,000. Brunson later assigned to Owens any claims he had against Allstate for the amount of the judgment.

In the instant case, Owens sued Allstate seeking to recover on the judgment against Brunson pursuant to coverage under Brunson's policy. After a bench trial, the trial court found in favor of Allstate.

1. Owens contends the trial court erred in concluding that she had no standing to bring an action against Allstate under OCGA § 33-4-6. We disagree. That section generally allows an insured to recover bad faith damages and attorney fees against the insurer if the insurer in bad faith refuses to provide coverage on a covered loss. "While an automobile liability insurance company may be held liable for damages to its insured for [such damages,] it does not follow that a person injured by the insured and who is not a party to the insurance contract may complain of the negligence or bad faith of the insurer towards its policyholder in failing to adjust or compromise a claim against such policyholder, for the duty of the insurance company to use ordinary care and good faith in the handling of a claim against its insured arises out of the relationship between the insurer and the insured created by the contract or policy of insurance, and there is no fiduciary relationship or privity of contract existing between the insurer and a person injured by one of its policyholders." (Citations omitted.) *Francis v. Newton*, 75 Ga. App. 341, 343-344 (1) (43 SE2d 282) (1947). See also *Smith v. Govt. Employees Ins. Co.*, 179 Ga. App. 654 (1) (347 SE2d 245) (1986).

In the instant case since Owens was not the policyholder with Allstate, she had no standing to complain of any alleged negligence or bad faith on the part of Allstate under OCGA § 33-4-6. Nor do we agree with Owens that assignment of the judgment establishes standing to sue for such damages. The cases cited by Owens in support of this argument concern the notice and coverage provisions under OCGA § 33-7-15 and have no bearing on the issue at hand. Since the assignment does not change the fact that Owens was not the policyholder with Allstate, and she has cited no authority to the contrary, this enumeration is without merit.

2. Owens also contends the trial court erred in concluding that Brunson failed to cooperate with Allstate concerning the incident as was his duty under the policy. Owens argues the only duty under the policy which Brunson failed to perform was to forward a copy of the complaint to Allstate. However, it is clear from the policy that Brunson had duties after a collision or loss beyond sending a copy of the complaint to Allstate. The policy required Brunson to promptly no-

tify Allstate "of how, when and where the accident or loss happened" and to notify Allstate of "the names and addresses of any injured persons and of any witnesses." The policy further required that Brunson cooperate with Allstate in its investigation of Owens' claims. Under the policy, Brunson was precluded from taking legal action against Allstate if he failed to comply with its terms. It is uncontroverted that after the collision, Brunson failed to contact anyone from Allstate. Furthermore, when Allstate attempted to contact Brunson at the address he listed on the policy, it received no response.

"When a trial court sits as both judge and jury, the court's findings of fact are binding on appeal, and, unless wholly unsupported or clearly erroneous, will not afford a basis for reversal." (Punctuation omitted.) *Moultrie Ins. Agency v. Goodbar*, 203 Ga. App. 677, 678 (1) (417 SE2d 658) (1992). The evidence in this case supported the trial court's finding that Brunson failed to cooperate with Allstate as he was required to do and that this failure to cooperate barred him from taking any action against Allstate. Accordingly, we find no error.

3. Since we concluded in Division 2 that Brunson's failure to cooperate barred him from taking any action against Allstate under the policy, and Owens' rights under the policy can be no greater than the insured's, it is unnecessary to address Owens' remaining enumerations of error. See *Dunham v. Grange Mut. Cas. Co.*, 176 Ga. App. 263 (335 SE2d 666) (1985).

*Judgment affirmed. Birdsong, P. J., concurs. Blackburn, J., concurs in the judgment only.*

DECIDED MARCH 15, 1995.

*John T. McKnight,* for appellant.
*Barrow, Sims, Morrow & Lee, R. Stephen Sims,* for appellee.