498 S.E.2d 669

**Rosalind KLECKLEY, Appellant,**

v.

**NORTHWESTERN NATIONAL CASUALTY COMPANY, Respondent.**

**No. 2794.**

Court of Appeals of South Carolina.

Submitted Feb. 3, 1998.

Decided Feb. 17, 1998.

Rehearing Denied April 23, 1998.

---

Clyde A. Eltzroth, Jr., of Peters, Murdaugh, Parker, Eltzroth & Detrick, Hampton, for Appellant.

Bert G. Utsey, III, of Sinkler & Boyd, Charleston, for Respondent.

ANDERSON, Judge:

This is a third-party action on an insurance policy. Rosalind Kleckley appeals the circuit court's dismissal of her cause of action against Northwestern National Casualty Company for bad faith failure to pay a claim. The court ruled Kleckley did not have standing to sue. We affirm.[1]

## FACTUAL/PROCEDURAL BACKGROUND

On October 29, 1993, Kleckley allegedly sustained injuries in a fall while on the premises of W.W. Services, Inc., d/b/a Hardee's of Ridgeland. Northwestern insured the premises with a policy that covered up to $5,000 in medical expenses per person for injury caused by accident, regardless of fault. Kleckley requested information on coverage from Northwestern in 1993 and 1994. Northwestern informed her of the medical coverage in December of 1995, but denied her coverage in March of 1996 because the policy required bills to be incurred and reported within one year of the date of the incident.

Kleckley brought this action against Northwestern for (1) payment of medical expenses; (2) violation of the South Carolina Claims Practices Act, S.C.Code Ann. §§ 38–59–10 to –50 (1989 & Supp.1997); and (3) bad faith refusal to pay benefits Kleckley alleged she was due under the policy of insurance Northwestern issued to W.W. Services, Inc., d/b/a Hardee's of Ridgeland. Northwestern moved under Rule 12(b)(6), SCRCP to dismiss Kleckley's second and third causes

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

of action, violation of the Claims Practices Act and bad faith, alleging Kleckley failed to state a cause of action. At the hearing on the motion, Kleckley conceded she did not have a right to pursue an action under the Claims Practices Act. The circuit court granted Northwestern's motion and dismissed the second and third causes of action. The court held Kleckley did not have a right to assert a claim for bad faith against Northwestern because she was not a party to the policy of insurance. Kleckley appeals the trial court's dismissal of her third cause of action for bad faith.

## ISSUE

Did the circuit court err in dismissing Kleckley's third-party claim for bad faith refusal to pay benefits on the basis she had no standing to sue?

## LAW/ANALYSIS

Kleckley argues the circuit court erred in dismissing her third cause of action for bad faith refusal to pay benefits on the basis she had no standing to sue, asserting the tort action for bad faith has been expanded to include third parties under these circumstances. We disagree.

A tort action for an insurer's bad faith refusal to pay first-party benefits was first recognized by the South Carolina Supreme Court in *Nichols v. State Farm Mutual Automobile Insurance Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983):

> We hold today that *if an insured* can demonstrate bad faith or unreasonable action by the insurer in processing a claim *under their mutually binding insurance contract*, he can recover consequential damages in a tort action. Actual damages are not limited by the contract. Further, if he can demonstrate the insurer's actions were willful or in reckless disregard of the insured's rights, he can recover punitive damages.

*Id.* at 340, 306 S.E.2d at 619 (emphasis added). Thus, *Nichols* allowed first-party claims by the "insured" for bad faith in processing claims for benefits due under a "mutually binding contract of insurance." Since then, the courts have repeatedly denied third-party actions for bad faith refusal to pay benefits.

In *Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 352 S.E.2d 296 (Ct.App.1986), Cook, an injured employee, brought suit against his employer and the employer's workers' compensation carrier for bad faith refusal to pay benefits for his workers' compensation claim. We held an action for bad faith under *Nichols* would not lie because the South Carolina Workers' Compensation Act provides the exclusive remedy for settling claims coming within the terms of the Act, and the Act contains a specific provision governing instances in which the employer and employee cannot reach an agreement on compensation. We also ruled the bad faith claim was unavailable to Cook because he was a third party to the insurance contract:

> Cook also fails to come within the scope of *Nichols* because he is a third party to the insurance contract in question, the contract between Mack's [the employer] and the Guaranty Company [the workers' compensation carrier]. *Nichols provides an additional remedy to the insured, not to third parties. In those cases where our courts have sustained the bad faith cause of action, the plaintiff was the insured himself.* See, e.g., *Carter v. American Mutual Fire Insurance Co.*, 279 S.C. 367, 307 S.E.2d 225 (1983); *Wilson v. Insurance Co. of North America*, 281 S.C. 76, 313 S.E.2d 640 (Ct.App.1984); *Brown v. South Carolina Insurance Co., supra* [284 S.C. 47, 324 S.E.2d 641 (Ct.App.1984)]. On the other hand, our courts have refused to recognize a *Nichols* claim by third parties. See, e.g., *Carter v. American Mutual Fire Ins. Co.*, 279 S.C. 368, 307 S.E.2d 227 (1983); *Swinton v. Chubb & Son, Inc.*, 283 S.C. 11, 320 S.E.2d 495 (Ct.App.1984); *cf., Kennedy v. Henderson*, 289 S.C. 393, 346 S.E.2d 526 (1986) (no cause of action for negligent failure to pay third party claim against surety bond).

*Id.* at 90, 352 S.E.2d at 300 (emphasis added).

In *Carter v. American Mutual Fire Insurance Co.*, 279 S.C. 368, 307 S.E.2d 227 (1983), a fire partially destroyed the home of Diane Carter and her husband, Richard E. Carter. The insurer refused to compensate Mr. Carter, the named insured, for the loss. Mr. and Mrs. Carter thereafter instituted separate actions against the insurer. The trial judge ruled Diane Carter's claim for bad faith refusal to pay benefits was not allowed because she was not the named insured. Our Su-

preme Court agreed, holding a *Nichols* cause of action for bad faith refusal to pay benefits does not extend to a person who is not the named insured:

> Although this Court recently recognized a cause of action for bad faith refusal to pay first party benefits due under an insurance contract, *Richard E. Carter v. American Mutual Fire Insurance Company*, [279 S.C. 367] 307 S.E.2d 225, filed contemporaneously with this opinion; *Nichols v. State Farm Mutual Automobile Insurance Company*, [279 S.C. 336] 306 S.E.2d 616, (1983), this cause of action does not extend to a person who is not a party to or a named insured under the insurance contract and who possesses a mere contingent interest, such as an inchoate dower interest, in the property insured.

*Id.* at 370, 307 S.E.2d at 227. Although the court did not allow Diane Carter to pursue a third-party bad faith claim since she was not the named insured, in the companion case brought by her husband, Richard E. Carter, the court allowed the claim, stating, "We held [in *Nichols* ] that if an insured can demonstrate bad faith or unreasonable refusal by an insurer to pay first party benefits due under an insurance contract, he can recover compensatory damages not limited to the face amount of the contract." *Carter v. American Mut. Fire Ins. Co.*, 279 S.C. 367, 368, 307 S.E.2d 225, 226 (1983).

In *Swinton v. Chubb & Son, Inc.*, 283 S.C. 11, 320 S.E.2d 495 (Ct.App.1984), we held that a third party could not assert a claim for bad faith against an alleged tortfeasor's motor vehicle liability insurer.

In *Ateyeh v. Volkswagen of Florence, Inc.*, 288 S.C. 101, 341 S.E.2d 378 (1986), the South Carolina Supreme Court recognized a narrow exception to the "mutually binding insurance contract" element required by *Nichols*. In *Ateyeh*, a widow brought an action against her spouse's employer and health insurance carrier for bad faith refusal to pay benefits. The trial judge ruled the bad faith claim was not available to the wife because she was not a party to the insurance contract and therefore lacked capacity to sue. The Supreme Court stated:

> The trial judge sustained the demurrer on the cause of action for bad faith failure to pay insurance benefits on the basis of our decision in *Carter v. American Mutual Fire*

*Insurance Company,* 279 S.C. 367 [368], 307 S.E.2d 227 (1983). In that case, we held that a party who possesses a mere contingent interest in the policy could not maintain a *Nichols* cause of action. By virtue of the necessaries doctrine, Ateyeh stands in a derivative policyholder position, and her interest in enforcement of the policy is not merely contingent. The demurrer should have been overruled. *Id.* at 103, 341 S.E.2d at 380 (footnote omitted).

Kleckley argues that *Ateyeh,* taken in consideration with another Supreme Court case, *Barker v. Sauls,* 289 S.C. 121, 345 S.E.2d 244 (1986), allows a third party to sue for bad faith failure to pay benefits. In *Barker,* a company discovered that it did not have a workers' compensation policy after an employee of the company was injured and the company tried to file a claim. The employee sued the employer's *insurance agent* for (1) negligence and (2) fraud. The trial judge sustained demurrers on both actions on the basis the employee did not have the capacity to sue because he was not a party to the contract between his employer and the insurance agent. The Supreme Court overruled the trial court's demurrer as to the *negligence* cause of action, stating: "A tort-feasor may be subjected to tort liability for injury to a third party arising out of the tort-feasor's contractual relationship with another, despite the absence of privity between the tort-feasor and the third party." *Id.* at 122, 345 S.E.2d at 244 (citing *Terlinde v. Neely,* 275 S.C. 395, 271 S.E.2d 768 (1980)). The tortfeasor's liability exists independently of contract, and rests upon the tortfeasor's duty of due care. *Id.*

*Barker* is factually distinguishable from the case before us and its provisions are inapplicable to a bad faith claim. First, the plaintiff in *Barker* sued for (1) negligence and (2) fraud. The case does not involve a cause of action for bad faith refusal to pay benefits. Secondly, the action was pursued against the employer's insurance *agent,* not the insurer. Accordingly, *Barker* is not controlling in analyzing a bad faith action brought by a third party and its holding is inapposite.

As for the court's holding in *Ateyeh,* we find it would not allow a third-party claim under the circumstances in the current appeal. In *Ateyeh,* the wife's action for refusal to pay benefits related to medical bills for treatment of the *insured,*

her husband; the bills were not for the care of a third party to the contract. In the current appeal, Kleckley seeks payment for her own bills; she admits that she is not an insured under the policy in question. Rather, the insured is W.W. Services, Inc., d/b/a Hardee's of Ridgeland. In *Ateyeh*, the court found a derivative relationship existed based on the necessaries doctrine, which made the wife legally responsible for the bills of her husband, the insured. Absent the necessaries doctrine, the wife would have no legal obligation to pay the insured's medical bills, and a derivative relationship would not exist. In contrast, Kleckley does not stand in a derivative relationship to the named insured in this case (Hardee's of Ridgeland) and the analysis used in *Ateyeh* is not applicable to Kleckley's situation.

We note that many of the jurisdictions considering the issue have held that a third party to an insurance contract cannot maintain a cause of action for bad faith refusal to pay benefits. For a survey of cases regarding the tort of bad faith and who can pursue a bad faith claim, see generally 15A Mark S. Rhodes, *Couch on Insurance 2d* (Rev. ed.) § 58:4 (1983 & Supp.1997); 18 *id.* § 74:284.

The Colorado Court of Appeals examined the issue in *Schnacker v. State Farm Mutual Automobile Insurance Co.*, 843 P.2d 102 (Colo.Ct.App.1992). Because this was a novel issue in Colorado, the court looked to other jurisdictions. The court commented:

> Other jurisdictions that have addressed the issue before us have held that an injured third party may not maintain a cause of action for bad faith breach of an insurance contract against a tortfeasor's insurance. *Uebelacker v. Horace Mann Insurance Co.*, 500 F.Supp. 180 (E.D.Wis.1980) (bad faith claim of third party available only if claimant has a vested claim as a result of statutory entitlement or as result of an unsatisfied judgment against the insured); *Dickey v. Alabama Farm Bureau Mutual Insurance Co.*, 447 So.2d 693 (Ala.1984) (insurer's refusal to pay damages to third party does not create a claim for bad faith); *Coleman v. Gulf Insurance Group*, 41 Cal.3d 782, 226 Cal.Rptr. 90, 718

P.2d 77 (1986) (implied covenant of good faith and fair dealing, as embodied in an insurer's duty to settle[,] is not intended to benefit the injured third party claimant); *Bates v. Allied Mutual Insurance Co.*, 467 N.W.2d 255 (Iowa 1991) (third party does not have a cause of action against tort-feasor's insurer for bad faith); *Chavez v. Chenoweth*, 89 N.M. 423, 553 P.2d 703 (App.1976) (claim for relief for bad faith dealing by insurance company applies between insurer and insured and not between insurer and third party claimant.); *Niemeyer v. United States Fidelity & Guaranty Co.*, 789 P.2d 1318 (Okl.1990) (third party claimants are strangers to an insurance contract; hence, they cannot bring a bad faith action.).

We consider the rulings from these jurisdictions to be sound and accordingly, decline to recognize a bad faith cause of action against an insurer by a third party claimant.

*Id.* at 104–05.

In *Dean v. Allstate Insurance Co.*, 878 F.Supp. 1397 (D.Colo.1993), the United States District Court for the District of Colorado reiterated that a claim for bad faith-refusal to pay first-party benefits does not extend to a person who is not a party to or a named insured under an insurance contract, citing South Carolina's decision in *Carter*, 279 S.C. 368, 307 S.E.2d 227.

In *United Fire Insurance Co. v. McClelland*, 105 Nev. 504, 780 P.2d 193 (1989), the Supreme Court of Nevada concluded that liability in an action "for bad faith is strictly tied to the implied-in-law covenant of good faith and fair dealing arising out of an underlying contractual relationship," and "[w]hen no contractual relationship exists, no recovery for bad faith is allowed." *Id.* 780 P.2d at 197. The court noted the tort of bad faith refusal to pay benefits was created to protect the insured. *Id.*

Notably, in finding a claim for bad faith could not be asserted by a third party, the Nevada court found that no exception existed for the spouse of the insured. The court rejected the wife's argument in this case that she would

acquire standing to sue because United Fire jeopardized community property by its refusal to pay her husband's medical bills. In so doing, the court stated that it declined to follow the principles endorsed in the South Carolina Supreme Court decision of *Ateyeh,* 288 S.C. 101, 341 S.E.2d 378. Instead, the court relied on a California case [2] which held that a wife did not acquire standing to sue her husband's medical insurer based on her community property interest in the contract and community property liability for the medical expenses incurred by her husband. *Id.* at 198. The Nevada court stated it would continue to require an underlying contractual basis for asserting the tort of bad faith. *Id.* Thus, a claim for bad faith could not be maintained by a third party.

The Court of Appeals of Arizona has also held that the tort of bad faith only covers conduct between the insurance company and its insured, and that a stranger to the insurance contract cannot assert a claim for bad faith against the insurer. *Fobes v. Blue Cross & Blue Shield,* 176 Ariz. 407, 861 P.2d 692 (App.1993). In *Fobes,* the Arizona court stated this lack of standing also applies to the spouse of the insured. It distinguished the limited exception South Carolina recognized in *Ateyeh,* stating that under local (non-community property) law in South Carolina, one spouse is personally liable for the other's medical expenses under the necessaries doctrine. The court noted the reasoning used in *Ateyeh* therefore was not applicable because Arizona "does not share this feature of South Carolina law," and that "[in Arizona] there is no case or statute which renders one spouse wholly liable to a third party provider for services performed for the other spouse." *Id.* 861 P.2d at 697. Thus, it concluded an action for bad faith was not properly raised by a third party.

The Georgia Court of Appeals has also held that a plaintiff who is not a party to the insurance contract may not complain

---

**2.** *Hatchwell v. Blue Shield of California,* 198 Cal.App.3d 1027, 244 Cal.Rptr. 249 (1988), in which the California Court of Appeal held that a spouse who was covered as a dependent under her husband's medical policy could not bring an action for bad faith denial of benefits *to her husband* because she was not the *claimant* whose benefits were wrongly withheld.

of the negligence or bad faith of the insurer, stating "the duty of the insurance company to use ordinary care and good faith in the handling of a claim against its insured arises out of the relationship between the insurer and the insured created by the contract or policy of insurance...." *Owens v. Allstate Ins. Co.*, 216 Ga.App. 650, 455 S.E.2d 368, 369 (1995) (quoting *Francis v. Newton*, 75 Ga.App. 341, 43 S.E.2d 282 (1947)). In *Owens*, the victim of an automobile accident brought an action against an automobile liability insurer to recover as the assignee of the insured's claims against the insurer. The court found the victim lacked standing to bring a third-party bad faith claim against the insurer.

## CONCLUSION

■ After a review of the relevant authority, we conclude South Carolina law does not recognize a cause of action by a third party for the tort of bad faith refusal to pay benefits. Under *Nichols*, an insured may recover in tort by showing the insurer acted in bad faith or unreasonably in processing a claim under their mutually binding insurance contract. The only exception that has been recognized by our Supreme Court was in *Ateyeh*, where the court held a spouse had standing to assert a bad faith claim based on the insurer's failure to pay the expenses of her husband, the *insured*. The wife was in a derivative relationship to the policyholder based on the existence of the necessaries doctrine in South Carolina, which made her personally liable for the bills of the insured. We find this exception is not applicable here. Accordingly, we hold the circuit court properly dismissed Kleckley's third cause of action for bad faith refusal to pay benefits based on the fact that she did not have standing to sue. The court's decision is therefore

**AFFIRMED.**

HUFF and HOWARD, JJ., concur.