526 S.E.2d 218

**Rosalind KLECKLEY, Petitioner,**

v.

**NORTHWESTERN NATIONAL CASUALTY COMPANY, Respondent.**

**No. 25046.**

Supreme Court of South Carolina.

Heard Nov. 17, 1999.

Decided Jan. 10, 2000.

Clyde A. Eltzroth, Jr., of Peters, Murdaugh, Parker, Eltzroth & Detrick, P.A., of Hampton, for petitioner.

Edward K. Pritchard, III, Bert G. Utsey, III and Joseph D. Thompson, III, all of Sinkler and Boyd, P.A., of Charleston, for respondent.

TOAL, Justice:

Rosalind Kleckley ("Kleckley") appeals the Court of Appeals's holding that she did not have standing to pursue an action for bad faith refusal to pay benefits against Northwestern National Casualty Company ("Northwestern").

### FACTUAL/PROCEDURAL BACKGROUND

On October 29, 1993, Kleckley fell on the premises of W.W. Services, Inc. or Hardee's ("Hardee's") in Ridgeland, South Carolina. At the time of her injury, Hardee's was insured by Northwestern with a policy that covered up to $5,000 in medical expenses per person for injury caused by accident, regardless of fault. The policy required that expenses be incurred and reported within one year of the accident date.

Before the expiration of a year, Kleckley incurred and reported medical expenses to Northwestern's adjuster and inquired about the existence of medical pay coverage. Despite numerous requests in 1993 and 1994, Northwestern did not inform Kleckley until December, 1995 that medical payments were available under the insurance policy. Once Kleckley discovered the existence of the medical pay coverage, she demanded payment of her medical bills. On March 19, 1996, Northwestern denied medical payments to Kleckley on the basis the insurance policy required bills be incurred and reported within one year of the date of the incident.

Kleckley brought an action against Northwestern for: (1) payment of medical expenses; (2) violation of South Carolina Claims Practices Act, S.C.Code Ann. §§ 38–59–10 to –50 (1989 & Supp.1998); and (3) bad faith refusal to pay benefits Kleckley alleged she was due under the insurance policy. The circuit court dismissed Kleckley's second and third causes of action, holding Kleckley did not have a right to assert a claim for bad faith against Northwestern because she was not a party to the insurance policy. Kleckley appealed and the Court of Appeals affirmed, holding that Kleckley did not have standing to bring a bad faith action because she was a third party to the insurance policy. Kleckley appeals, raising the following issues:

(1) Did the Court of Appeals err in affirming the dismissal of Kleckley's third party claim for bad faith refusal to pay benefits on the basis she lacked standing to sue?

(2) Does Kleckley have standing to sue Northwestern for negligence?

## LAW/ANALYSIS

### I. BAD FAITH REFUSAL TO PAY BENEFITS

Kleckley argues the Court of Appeals erred in holding she did not have standing to pursue a bad faith cause of action against Northwestern because she is an "injured person" within the meaning of the insurance policy. We disagree.

A tort action for an insurer's bad faith refusal to pay benefits does not extend to third parties who are not named insureds. As a means of protecting insureds who ordinarily

possess no bargaining power when entering into an insurance contract, in *Nichols v. State Farm Mut. Auto. Ins. Co.*, 279 S.C. 336, 306 S.E.2d 616 (1983) we recognized a tort action for an insurer's bad faith refusal to pay first-party benefits. *Nichols* allowed a first-party claim by the insured for bad faith in processing claims for benefits due under a "mutually binding contract of insurance." *Id.* at 340, 306 S.E.2d at 619. This Court and the Court of Appeals have repeatedly denied actions for bad faith refusal to pay claims to third parties who are not named insureds. *See, e.g., Carter v. American Mut. Fire Ins. Co.*, 279 S.C. 368, 307 S.E.2d 227 (1983); *Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 352 S.E.2d 296 (Ct.App.1986); *Swinton v. Chubb & Son, Inc.*, 283 S.C. 11, 320 S.E.2d 495 (Ct.App.1984). Therefore, denying Kleckley's claim is in line with established South Carolina precedent because she is a third party to the insurance contract between Hardee's and Northwestern, and not a named insured.

We have recognized a limited exception to the rule that third parties can not recover for bad faith refusal to pay first-party benefits. In *Ateyeh v. Volkswagen of Florence, Inc.*, 288 S.C. 101, 341 S.E.2d 378 (1986), a widow brought a bad faith refusal to pay benefits action against her spouse's employer and health insurance carrier. We allowed the widow to recover, holding: "By virtue of the necessaries doctrine, Ateyeh stands in a derivative policyholder position, and her interest in enforcement of the policy is not merely contingent." *Id.* at 103, 341 S.E.2d at 380. *Ateyeh, supra,* is factually distinguishable from the case at hand because due to the necessaries doctrine, a derivative relationship existed between the widow and her deceased spouse which obligated her to pay the bills of her husband and therefore allowed her to assume the position of an insured under the policy. *See Kleckley v. Northwestern Nat. Cas. Co.*, 330 S.C. 277, 498 S.E.2d 669 (Ct.App.1998).

Kleckley argues that the Court of Appeals's holding in *Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 352 S.E.2d 296 (Ct.App.1986) allows her to bring a third party bad faith refusal to pay benefits claims. In *Cook*, an injured employee brought suit against his employer and the employer's workers' compensation carrier for bad faith refusal to pay benefits for his workers' compensation claim. However, the Court of

Appeals clearly stated in *Cook:* "Cook also fails to come within the scope of *Nichols* because he is a third party to the insurance contract in question. . . . *Nichols* provides an additional remedy to the insured, not to third parties. In those cases where our courts have sustained the bad faith cause of action, the plaintiff was the insured himself." *Id.* at 90, 352 S.E.2d at 300.

Kleckley finally argues that she was improperly characterized as a "third party" by the Court of Appeals. Kleckley claims she is an "injured party" under the express terms of the insurance contract between Hardee's and Northwestern. She attempts to distinguish the cases relied upon by the Court of Appeals by arguing she is not a true "third party" because her substantive rights arise directly from Northwestern's bad faith and negligent refusal to abide by the insurance policy's terms. This argument is without merit because South Carolina has never extended the concept of an "insured" to include parties whose rights arise from the contract between the first party insured and the insurer. In South Carolina, our courts have repeatedly held that you must be the named insured to recover for bad faith refusal to pay benefits. *But see Ateyeh, supra.*

Kleckley's attorneys could have pursued other lawful remedies against Northwestern in this matter. The record does not indicate whether Kleckley settled with Hardee's before pursuing a bad faith action against Northwestern. Upon being denied insurance benefits by Northwestern, Kleckley could have sued Hardee's who could then lawfully pursue a bad faith refusal to pay first-party benefits claim against Northwestern.

■■■ Kleckley could have also argued that Northwestern should be estopped from asserting the statute of limitations defense. "Under South Carolina law, a defendant may be estopped from claiming the statute of limitations as a defense if the delay that otherwise would give operation to the statute had been induced by the defendant's conduct." *Black v. Lexington Sch. Dist. No. 2,* 327 S.C. 55, 488 S.E.2d 327 (1997) (citations omitted); *see also Holy Loch Distribs., Inc. v. Hitchcock,* 332 S.C. 247, 503 S.E.2d 787 (Ct.App.1998). Such inducement may consist of an express representation that the

claim will be settled without litigation or conduct that suggests a lawsuit is not necessary. *Black,* 327 S.C. at 61, 488 S.E.2d at 330. The defendant's conduct may also involve inducing the plaintiff either to believe that an amicable adjustment of the claim will be made without suit or to forbear exercising the right to sue. *Republic Contracting Corp. v. South Carolina Dep't. of Highways and Pub. Transp.,* 332 S.C. 197, 503 S.E.2d 761 (Ct.App.1998). In the instant case, Northwestern is estopped from asserting the statute of limitations defense because their lack of communication with Kleckley was the sole reason she allowed the statute of limitations to elapse. Kleckley inquired about the insurance coverage within the one year statute of limitations. Because Northwestern did not inform her of the appropriate procedure within the year time frame, Kleckley did not exercise her right to sue. Therefore, because Northwestern's action induced Kleckley to forbear exercising her right to recover her medical expenses, they are equitably estopped from asserting statute of limitations as a defense.

■ Furthermore, the South Carolina Claims Practices Act, S.C.Code Ann. §§ 38–59–10 to –50 (1989 & Supp.1998) provides an adequate remedy for third parties who have been wronged by improper claims practices. Specifically, section 38–59–20 permits an administrative action before the Chief Insurance Commissioner by third parties for improper claims practices where the insurer: (1) knowingly misrepresents facts or policy provisions relating to coverage or provides deceptive or misleading information with respect to coverage; (2) fails to acknowledge with reasonable promptness pertinent communications with respect to claims arising under its policies; (3) fails to adopt and implement reasonable standards for the prompt investigation of claims; and (4) not attempting in good faith to effect prompt, fair, and equitable settlement of claims. Therefore, the Legislature has specifically provided a remedy for Kleckley to assert as a third party against Northwestern.

## II. NEGLIGENCE

■ Kleckley contends she has standing to pursue a negligence cause of action against Northwestern. We disagree.

Kleckley's negligence action is not properly before this Court. An issue not raised to or addressed by the trial court or the Court of Appeals is not properly preserved for review by the Supreme Court on certiorari. *See Anonymous v. State Bd. of Medical Examiners*, 329 S.C. 371, 496 S.E.2d 17 (1998); *Camp v. Springs Mtg. Corp.*, 310 S.C. 514, 426 S.E.2d 304 (1993) (issue not preserved for appeal where the Court of Appeals did not address the issue and petitioner did not petition for rehearing for the court to consider it). "Only those questions raised in the Court of Appeals *and* in the petition for rehearing shall be included in the petition for writ of certiorari as a question presented to the Supreme Court." Rule 226(d)(2), SCACR (emphasis added). The negligence issue was raised for the first time in Kleckley's Petition for Rehearing and was not addressed by either the trial court or the Court of Appeals.

■■ Kleckley claims her negligence action was properly preserved for appeal because it was encompassed in her third cause of action for bad faith. Kleckley's third cause of action is as follows:

> Defendant's actions were in bad faith and/or have been an intentional reckless and unreasonable refusal to pay benefits clearly due under the policy thereby entitling plaintiff to actual damages, punitive damages, reasonable attorney's fees and the costs of this action.

Having failed to claim that her third cause of action includes negligence before either the trial court or Court of Appeals, Kleckley cannot do so for the first time in her Petition for Rehearing. Furthermore, Kleckley's third cause of action for bad faith does not include a negligence action. To state a cause of action for negligence the plaintiff must allege facts which demonstrate the concurrence of three elements: (1) a duty of care owed by the defendant; (2) a breach of that duty by negligent act or omission; and (3) damage proximately caused by the breach. *See Bullard v. Ehrhardt*, 283 S.C. 557, 324 S.E.2d 61 (1984); *South Carolina State Ports Auth. v. Booz–Allen & Hamilton, Inc.*, 289 S.C. 373, 346 S.E.2d 324 (1986). In her Complaint, Kleckley does not plead negligence, duty, due care, breach, proximate cause, or any other element associated with negligence.

Kleckley asserts that this Court's holding in *Barker v. Sauls,* 289 S.C. 121, 345 S.E.2d 244 (1986) allows her to bring a negligence action. In *Barker,* this Court held that an employee could sue an insurance agent for negligence and fraud where the employee's worker's compensation claim was denied because no workers' compensation policy existed between the employer and the insurance company. This Court permitted the negligence action, stating: "A tortfeasor may be subjected to tort liability for injury to a third party arising out of the tortfeasor's contractual relationship with another, despite the absence of privity between the tortfeasor and the third party." *Id.* at 122, 345 S.E.2d at 244. Kleckley's reliance on *Barker* is misplaced because it is factually distinguishable from the instant case because: (1) *Barker* involves an action for fraud and negligence, not bad faith refusal to pay benefits; and (2) the action was pursued against the employer's insurance agent, not the insurer. *See Kleckley v. Northwestern Nat. Cas. Co.,* 330 S.C. 277, 498 S.E.2d 669 (Ct.App. 1998).

### CONCLUSION

Based on the foregoing, we **AFFIRM** the Court of Appeals.

FINNEY, C.J., MOORE, WALLER and BURNETT, JJ., concur.