**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Shaileshkumar Patel, Appellant,

v.

Florence Investment, LLC d/b/a Microtel Inn & Suites and John Doe, Respondents.

Appellate Case No. 2022-000907

_____

Appeal From Florence County
Clifton Newman, Circuit Court Judge

_____

Unpublished Opinion No. 2024-UP-374
Submitted October 1, 2024 – Filed October 30, 2024

_____

**AFFIRMED**

_____

Warren Paul Johnson and Joshua Reece Fester, both of Law Office of Darrell Thomas Johnson Jr., LLC, of Hardeeville, for Appellant.

John L. McDonald, Jr., of Clawson & Staubes, LLC, of Charleston, for Respondents.

_____

**PER CURIAM:** Shaileshkumar Patel appeals the circuit court's order granting summary judgment in favor of Florence Investment, LLC d/b/a Microtel Inn & Suites (Microtel) on Patel's tort claims. On appeal, Patel argues the circuit court

erred in finding (1) the exclusivity provision of the South Carolina Workers' Compensation Act (SCWCA) barred his tort claims and (2) the settlement agreement and release barred his tort claims. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the circuit court properly granted summary judgment in favor of Microtel because the exclusivity provision of the SCWCA barred Patel's tort claims. *See Edens v. Bellini*, 359 S.C. 433, 440, 597 S.E.2d 863, 867 (Ct. App. 2004) ("Where the issue involves jurisdiction, the appellate court can take its own view of the preponderance of the evidence."); *id.* ("It is South Carolina's policy to resolve jurisdictional doubts in favor of the inclusion of employers and employees under the [SCWCA]."); *id.* at 441-42, 597 S.E.2d at 867 ("The exclusivity provision of the [SCWCA] precludes an employee from maintaining a tort action against an employer where the employee sustains a work-related injury."); S.C. Code Ann. § 42-1-540 (2015) ("The rights and remedies granted by this title to an employee when he and his employer have accepted the provisions of this title, respectively, to pay and accept compensation on account of personal injury or death by accident, shall exclude all other rights and remedies of such employee, . . . at common law or otherwise, on account of such injury . . . ."). Patel filed a workers' compensation claim against Microtel after he was shot by an unknown party and subsequently received a settlement. He received compensation from Microtel for his injury under the SCWCA when he signed the settlement agreement because it stated it would serve as a final adjudication of benefits under the SCWCA. Therefore, Patel accepted compensation under the SCWCA and the exclusivity provision barred his tort claims. *See Smith v. T.H. Snipes & Sons, Inc.*, 306 S.C. 289, 292, 411 S.E.2d 439, 441 (1991) ("[A] determination of entitlement, payment and acceptance of compensation under the [SCWCA] precludes an action in circuit court seeking compensation for the identical injury, death or loss."); *Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 88, 352 S.E.2d 296, 299 (Ct. App. 1986) (stating an employee has "no right to bring a common law action in the courts" when a remedy exists under the SCWCA to address the issue); S.C. Code Ann. § 42-1-100 (2015) ("The term 'compensation' means the money allowance payable to an employee or to his dependents as provided for in this title . . . ."); S.C. Code Ann. § 42-9-390 (2015) ("Nothing contained in this chapter may be construed so as to prevent settlements made by and between an employee and employer . . . .").

2. Because the circuit court correctly found the exclusivity provision barred Patel's tort claims, we need not consider whether the settlement agreement and release barred Patel's tort claims. *See Futch v. McAllister Towing of Georgetown, Inc.*,

335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).

**AFFIRMED.**[1]

**THOMAS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.