**JOHN W. TRIPP & ASSOCIATES, Petitioner,**

**v.**

**INDUSTRIAL CLAIM APPEALS OFFICE OF the STATE OF COLORADO, and Irene Marsac, Respondents.**

No. 86CA1432.

Colorado Court of Appeals,
Div. IV.

May 28, 1987.

John W. Tripp, pro se.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Dani R. Newsum, Asst. Atty. Gen., Denver, for respondent Indus. Claim Appeals Office.

No appearance for respondent Irene Marsac.

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),

SILVERSTEIN,* Judge.

Petitioner, John W. Tripp and Associates (Tripp), seeks review of an order of the Industrial Claim Appeals Office (Office) which held Tripp liable to pay unemployment compensation taxes as the employer of certain placement consultants and temporary workers. We affirm.

Tripp provides his customers with management consulting, professional recruiting, placement, and temporary employment services. Tripp told the workers called "placement consultants" that they were "contractors." The temporary workers entered into contracts with Tripp purporting to create an independent contractor relationship.

After a hearing, the referee found that the workers were not free from Tripp's direction and control and were not engaged in an independent business or trade. Accordingly, the referee concluded that the workers were in covered employment under § 8–70–103(10)(a), C.R.S. (1986 Repl. Vol. 3B). The Office adopted and affirmed the referee's decision.

On review, Tripp contends that there was insufficient evidence to support the findings of the Office. We disagree.

The determination of an employment relationship is a question of fact for the Office. *Diamond Circle Corp. v. Blocher,* 691 P.2d 769 (Colo.App.1984). Contract language reciting an independent contractor status is not dispositive of this issue. *Insul-Lite Window & Door Manufacturing, Inc. v. Industrial Commission,* 723 P.2d 151 (Colo.App.1986).

■ Here, there was substantial evidence of Tripp's direction and control of the workers, as well as the workers' lack of any independent business, as required under § 8–70–103(10)(a), C.R.S. (1986 Repl. Vol. 3B).

As to the consultants, the evidence showed that Tripp required them to enter into non-competition and confidentiality agreements; established their working

and § 24–51–607(5), C.R.S. (1982 Repl.Vol. 10).

hours; provided extensive training and instruction for them; reserved the right to discharge them for poor performance; and required them to identify themselves as representatives of Tripp. The temporary workers received wages set by Tripp, could be discharged by Tripp, and held themselves out as Tripp's employees. Hence, the Office's decision is supported by substantial evidence, and it will not be set aside on review. *See Weld County Kirby Co. v. Industrial Commission,* 676 P.2d 1253 (Colo.App.1983).

■ Tripp also contends, in essence, that § 8–70–103(11), C.R.S. (1986 Repl.Vol. 3B) is unconstitutional as applied here because it exempts certain real estate and insurance agents from the definition of employment. Tripp argues that the placement consultants were similar to the exempted agents. We disagree.

In an equal protection analysis, if no suspect classification or fundamental right is involved, the test is whether the statutory classifications have a rational basis in fact and bear a rational relationship to legitimate governmental objectives. *Industrial Commission v. Board of County Commissioners,* 690 P.2d 839 (Colo.1984); *Hyde v. Industrial Commission,* 195 Colo. 67, 576 P.2d 541 (1978).

Here, the record contains no evidence comparing the placement consultants and the exempted agents. Moreover, the exempted agents must be licensed and are strictly regulated by statute, whereas placement consultants are not. *See* § 10–2–207, C.R.S. (1986 Cum.Supp.) and § 12–61–102, C.R.S. (1985 Repl.Vol. 5). Hence, we do not perceive any violation of equal protection under the statutory definition of employment as it applied to Tripp.

Order affirmed.

ENOCH, C.J., and HODGES, Justice,* concur.