23525

Donna H. SMITH, personal representative of the estate of Thomas Wayne Smith, deceased, Appellant v. T.H. SNIPES & SONS, INC., Respondent.

(411 S.E. (2d) 439)

Supreme Court

*Desa A. Ballard, Terry E. Richardson, Jr.,* and *Kenneth J. Wilson* of *Ness, Motley, Loadholt, Richardson & Poole, P.A.,* Barnwell, and *Luther C. Elrod, III,* Rock Hill, *for appellant.*

*Charles E. Carpenter, Jr., Deborah L. Harrison,* and *R. Davis Howser* of *Richardson, Plowden, Grier & Howser,* Columbia, and *Robert R. Carpenter* and *Beverly Carroll* of *Roddey, Carpenter & White,* Rock Hill, *for respondent.*

Heard Feb. 5, 1991; Decided Dec. 9, 1991.

Reh. Den. Jan. 7, 1992.

FINNEY, Justice:

Appellant Donna H. Smith appeals the circuit court's findings and grant of summary judgment in favor of respondent T.H. Snipes & Sons, Inc. We affirm.

Appellant's decedent, Thomas Wayne Smith (decedent), was a self-employed welder and sole proprietor of Independent Piping Contractors. Decedent was hired by respondent to repair a metal shearing machine used in respondent's business operation. During the course of repairing the machine, the decedent was fatally injured.

The decedent had previously obtained workers' compensation coverage for himself pursuant to S.C. Code Ann. § 42-1-130 (1976). Decedent's beneficiaries elected to and did receive benefits under his coverage as provided under the South Carolina Workers' Compensation Act (the Act).

Subsequently, appellant initiated this negligence action seeking actual and punitive damages as a result of decedent's death. Respondent moved for summary judgment. The circuit court granted summary judgment based upon its findings that the decedent was a statutory employee of respondent and subject matter jurisdiction rested exclusively with the South Carolina Workers' Compensation Commission.

On appeal appellant argues 1) that the circuit court erred in applying S.C. Code Ann. § 42-1-400 (1976), contending the Act intends a statutory employee to be an employee of a subcontractor and not the subcontractor himself; 2) that the circuit judge erred in failing to consider all prongs of the statutory employee test; and 3) that the prior payment of benefits under the Act by decedent's insurer does not serve as a bar to her cause of action in circuit court.

Prior to ruling on respondent's motion for summary judgment, the circuit court held a full evidentiary hearing on the question of jurisdiction. The circuit court's conclusion contained in its amended order are as follows:

1. That the nature of the work being performed by decedent at the time of his accident was an integral part of respondent's operations, without which respondent's operation could not function;
2. That at the time of his fatal injury, decedent was engaged in work which was an essential part of the trade, business or occupation of the respondent;
3. That at the time of his death, the decedent was a statutory employee of the respondent and the exclusive remedy therefor is provided by the Act; and
4. That the circuit court lacks subject matter jurisdiction, which lies exclusively with the Commission.

Summary judgment is appropriate when it is clear that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *Standard Fire Insurance Co. v. Marine Contracting and Towing Co.*, 301 S.C. 418, 392 S.E. (2d) 460 (1990).

We address first appellant's assertion that her decedent was not a statutory employee within the meaning of the Act. Section 42-1-400 provides that when an owner performs any work which is a part of his trade, business or occupation and contracts with a subcontractor for the performance *by* or under such subcontractor for the whole or any part of such work, the owner shall be liable to pay compensation for which he would have been liable under the Act if the *workman* had been immediately employed by the owner. We find nothing in the language of the statute which precludes classification of a subcontractor as a statutory employee.

With regard to appellant's argument that the trial court failed to consider all prongs of the statutory employee test, our Court has promulgated the following factors for consideration in determining the statutory employee issue for purposes of the Act.

1.  Whether the activity is an important part of the trade or business;
2.  Whether the activity is a necessary, essential and integral part of the business; and
3.  Whether the identical activity in question has been performed by employees of the principal employer.

*Bailey v. Owen Elec. Steel Co. of S.C.*, 298 S.C. 36, 378 S.E. (2d) 63 (1989). The amended order of the trial court reflects consideration of the foregoing factors. Moreover, the evidence as to these considerations was the object of stipulations agreed upon prior to the evidentiary hearing. We conclude that this record supports the findings of the trial court in this regard.

Finally, we address appellant's contention that this action is not barred by the prior payment of benefits pursuant to decedent's coverage under the Act. Section 42-1-540 provides that other rights and remedies accruing to an employee against his employer are excluded once such employee avails himself of benefits under the Act. *See Cook v. Mack's Transfer & Storage*, 291 S.C. 84, 352 S.E. (2d) 296 (Ct. App. 1986). Appellant concedes that dual compensation under the Act is prohibited. S.C. Code Ann. § 42-1-450 (1976). We conclude that a determination of entitlement, payment and acceptance of compensation under the Act precludes an action in circuit court seeking compensation for the identical injury, death or loss.

Accordingly, we find that there is no genuine issue of material fact and that summary judgment is the appropriate remedy. For the foregoing reasons, this Court affirms the findings, conclusions and judgment of the circuit court.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.