23925

KILGORE GROUP, INC., Appellant v. SOUTH CAROLINA EMPLOYMENT SECURITY COMMISSION, Respondent.

(437 S.E. (2d) 48)

Supreme Court

*M. Lee Daniels, Jr.,* of *Daniels & Brandon,* Greenville, *for appellant.*

*H. Williams Funderburk, Jr.,* of *South Carolina Employment Sec. Com'n,* Columbia, *for respondent.*

Heard June 7, 1993.

Decided Aug. 23, 1993.

TOAL, Justice:

This is an appeal of an administrative ruling by the Employment Security Commission finding the temporary workers of the appellant, Kilgore Group, were employees and not independent contractors during the year of 1987. We affirm.

## FACTS

During the applicable time period, the appellant, Kilgore

Group Inc. (hereinafter "Kilgore"), was in the business of supplying temporary workers. Following an audit by the Employment Security Commission's Field Services assessing Kilgore $97,193.27 in employment taxes for the year 1987, Kilgore sought administrative review.

At the administrative hearing, the president of Kilgore testified the skilled and unskilled workers performed a variety of tasks, including construction work, machine operation, truck driving, cleaning, stocking, and assembly. When clients contacted Kilgore with their specific employment needs, Kilgore negotiated with the client a fee for providing a worker or workers to meet the client's demands. Kilgore then contracted with the individual workers to fill the positions required by the client. According to Kilgore's president, the contract could be based on an hourly wage or a fixed amount for the job. However, all workers were required to turn their hours in to Kilgore. Hourly workers were permitted to take "draws" on the amount they had worked. Kilgore's president testified that the contracts expressly provide that the relationship is one of an independent contractor.

The clients controlled the day-to-day activities of the workers. Kilgore provided workers' compensation coverage for the workers but did not withhold any taxes from their wages. Besides the president of Kilgore's general assertion, the only direct evidence regarding the workers in 1987 was the testimony of two clients of Kilgore during that year. Ms. Collins, personnel director at *The State* newspaper, testified she used Kilgore workers in the mail room to stuff inserts and bundle newspapers. She testified that if they had any problem with a Kilgore worker, they went through the agency and did not deal directly with the worker. She also testified the workers took breaks with the other regular employees at the time designated by *The State* managers. Ms. Rawls, the personnel manager for State Printing Company, testified the Kilgore temporaries worked alongside the company's regular employees under the direction of the supervisors for the various departments. *The State* and State Printing supervisors indicated they felt free to tell Kilgore not to sent a worker back if they were ever dissatisfied with his work.

The Assistant Deputy Executive Director for the Commission issued an administrative ruling declaring the workers to

be employees. The Employment Security Commission affirmed this ruling. Appeal was taken to the Circuit Court which likewise affirmed finding the ruling was supported by substantial evidence. Kilgore appeals to this Court.

## LAW/ANALYSIS

In reviewing the Employment Security Commission's decision, we must affirm the factual findings of the Commission if they are supported by substantial evidence. *Merck v. S.C. Employment Sec. Comm'n*, 290 S.C. 459, 351 S.E. (2d) 338 (1986). Our limited standard of review applies to facts establishing jurisdiction. *Todd's Ice Cream v. S.C. Employment Sec. Comm'n*, 281 S.C. 254, 315 S.E. (2d) 373 (Ct. App. 1984); *cf. Givens v. Steel Structures, Inc.*, 279 S.C. 12, 301 S.E. (2d) 545 (1983) (facts establishing the jurisdiction of the Worker's Compensation Commission are reviewed by the appellate court based on the preponderance of the evidence standard).

Under the South Carolina Employment Security Law, employment is defined to include "any service performed by any individual who, under the usual common law rules applicable in determining the employer-employee relationship, has the status of an employee. . . ." S.C. Code Ann. § 41-27-230(1)(b) (1986). Under South Carolina common law, the primary consideration in determining whether an employer-employee relationship exists is whether the purported employer has the right to control the servant in the performance of his work and the manner in which it is done. *Felts v. Richland County*, 303 S.C. 354, 400 S.E. (2d) 781 (1991). The test is not the actual control exercised, but whether there exists the right and authority to control and direct the particular work or undertaking. *Anderson v. West*, 270 S.C. 184, 241 S.E. (2d) 551 (1978). The principal factors indicating the right of control are (1) direct evidence of the right to, or exercise of, control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire. *Tharpe v. G.E. Moore*, 254 S.C. 196, 174 S.E. (2d) 397 (1970). The contract entered into by the parties must be considered in determining the nature of their relationship and has considerable weight. *Young v. Warr*, 252 S.C. 179, 165 S.E. (2d) 797 (1969). However, neither party controls the legal effect of the contract. *Id.* The primary test of its

character is the intention of the parties, which is to be gathered from the whole scope of the language used. *Id.* Accordingly, language in the contract merely declaring the relationship is that of an employer/independent contractor is not dispositive. *Todd's Ice Cream, supra.*

We find the record contains substantial evidence supporting the Commission's finding that the temporary workers were the employees of Kilgore and not independent contractors. In this case, the only specific evidence of any actual relationship was that of the workers sent to *The State* and State Printing Company. *See Ellison, Inc. v. Board of Review,* 749 P. (2d) 1280 (Utah Ct. App.) *cert. denied,* 765 P. (2d) 1278 (Utah 1988) (employer had the burden of producing other employees it maintained operated under a different relationship than the employee who testified before the Industrial Commission). The testimony of these clients indicates the workers' performance and the manner in which it was done was controlled directly by *The State* and State Printing Company supervisors. However, *The State* and State Printing Company had no contract with the workers. Their ability to exercise control over the workers' activities was derived solely from their contract with Kilgore and Kilgore's contract with the workers. Therefore, it can be inferred Kilgore possessed the right to control the workers' performance and the manner in which it was done and delegated that authority to its clients. *Accord John W. Tripp & Assoc. v. Industrial Claims Appeals Office,* 739 P. (2d) 245 (Colo. Ct. App. 1987); *Matter of Holbrook Speech Services, Inc.,* 116 A.D. (2d) 863, 498 N.Y.S. (2d) 185 (1986).

The workers were paid by the hour and given compensation prior to the completion of the job. When Kilgore workers worked for *The State* or State Printing, the equipment was supplied by the client, not the worker. The clients believed the workers could be terminated at any time based upon their dissatisfaction of the workers' performance. Accordingly, we affirm the Commission that the workers were the employees of Kilgore, and not independent contractors.

Affirmed.

HARWELL, C.J., and CHANDLER, FINNEY and MOORE, JJ., concur.