THIS OPINION HAS
 NO PRECEDENTIAL VALUE, IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Marsha Elaine
 Massey, Employee, Respondent,
 
 
 

v.

 
 
 
 Werner
 Enterprises, Inc., Employer, and Liberty Mutual Insurance Corp., Carrier, Appellants.
 
 
 

Appeal From Greenville County
 Doyet A. Early, III, Circuit Court Judge

Unpublished Opinion No. 2008-UP-126
Heard February 5, 2008  Filed February
 20, 2008    

AFFIRMED

 
 
 
 Stanley T.
 Case, of Spartanburg, for Appellants.
 Kathryn  Williams, of Greenville, for Respondent.
 
 
 

PER CURIAM: In
 this workers compensation case, Werner Enterprises and Liberty Insurance
 Corporation appeal a circuit court order affirming the Workers Compensation Commissions
 award of benefits to Marsha Massey.  We affirm.
FACTS
Marsha Massey and her husband own two transfer
 trucks.  The Masseys began leasing one of the trucks to Werner Enterprises in
 2003.  Werner subsequently hired the Masseys to drive the truck. 
On July 4, 2004, Massey sustained injuries when she slipped and fell
 from her truck while on a route for Werner in Arizona.  Massey subsequently filed
 a workers compensation claim against Werner and its carrier Liberty Insurance
 Company (collectively Appellants) in South Carolina.  Appellants denied the
 claim, arguing Massey was an independent contractor and the South Carolina Workers
 Compensation Commission (the commission) lacked jurisdiction. 
After a hearing on October 6, 2005, the single commissioner found Massey suffered injuries
 while hauling goods for Werner.  The single commissioner further found
 an employer-employee relationship existed between Werner and Massey.  The single
 commissioner held the commission had jurisdiction because Massey was hired and
 employed in South Carolina.  The single commissioner awarded Massey temporary
 total disability benefits and causally related medical expenses. The single commissioner
 awarded benefits based on an average weekly wage of $667.11.  
Appellants appealed to the appellate panel.  The appellate
 panel affirmed the single commissioners findings.  Appellants then
 sought judicial review in the circuit court.  The circuit court affirmed the
 order of the appellate panel on all issues.  Appellants appeal.
LAW / ANALYSIS
1.  Appellants argue the appellate panel erred in concluding
 Massey was entitled to benefits because an employer-employee relationship did
 not exist between Werner and Massey.[1] 
 In support of their assertion, Appellants heavily rely on the owner-operator
 agreement Massey entered into with Werner, Masseys declaration of employment
 status as an independent contractor, and the Nebraska owner-operator workers
 compensation coverage agreement signed by Massey.  
Although the parties contract must be considered in determining
 the nature of their relationship, the description of the relationship set forth
 in the contract is not dispositive.  Kilgore Group, Inc. v. S.C. Employment
 Sec. Commn., 313 S.C. 65, 68-69, 437 S.E.2d 48, 50 (1993).  Rather, the
 test to determine whether an employer-employee relationship exists is if the
 alleged employer has the right and authority to control and direct the
 particular work or undertaking, as to the manner or means of its
 accomplishment.  S.C. Workers Comp, Commn v. Ray Covington Realtors, Inc.,
 318 S.C. 546, 547, 459 S.E.2d 302, 303 (1995).  The following four factors are
 evaluated to determine the right to control: (1) direct evidence of the right
 or exercise of control; (2) method of payment; (3) furnishing of equipment; and
 (4) right to fire.  Tharpe v. G.E. Moore Co., 254 S.C. 196, 200, 174
 S.E.2d 397, 399 (1970).  Any single factor is sufficient proof of the
 employment relationship; however, the absence of any one of the factors is at
 most only mildly persuasive evidence of contractorship.  See Nelson
 v. Yellow Cab Co., 349 S.C. 589, 594-95, 564 S.E.2d 110, 113 (2002); Wilkinson
 v. Palmetto State Transp. Co., 371 S.C. 365, 373, 638 S.E.2d 109, 114 (Ct. App. 2006) cert. pending.  
 
Here, direct evidence shows Werner had the right to control and
 direct Masseys work.  Although Massey owned the tractor, Werner did not allow Massey to drive the
 truck for personal errands or for any other company.  Moreover, Werner required Massey to affix Werner
 logos on the truck and install a computer communication device in her truck. 
 Werner used the device to control Masseys activities by tracking the location of the truck and instructing
 Massey regarding the pick-up and delivery of loads.  Werner required Massey to
 use pre-approved fuel stops and service shops.  This requirement directed
 Masseys route as Werner considered Massey off route if she failed to use the
 pre-approved stops.  Werner further required Massey to use a company credit
 card for fuel and service charges, and these charges were deducted from Masseys
 pay. 
Werner also furnished Masseys equipment.  Werner leased the
 tractor from Massey, supplied the trailer, and prohibited Massey from driving
 the truck for any other company.  In addition, Werner provided permits, the logos
 affixed to the tractor, and the computer communication device.  See Wilkinson, 371 S.C. at 374, 638 S.E.2d at 114
 (stating employer supplied equipment where employer provided trailer, logos,
 and a global positioning system).
Finally, Werner asserted control over Masseys work by maintaining
 the authority to terminate Massey at any time.  See Tharpe, 254
 S.C. at 201, 174 S.E.2d at 399 (stating the unconditional power to terminate
 employment is consistent with an employer-employee relationship).  Massey
 testified both she and Werner could terminate the agreement at any time without
 penalty.  Massey further testified Werner could terminate the
 relationship if Massey took off more than four consecutive days. 
The foregoing factors all indicate an
 employer-employee relationship existed between Werner and Massey.  Accordingly,
 we affirm the circuit courts determination on this issue.
2.  Appellants next assert Massey is not entitled to benefits
 in South Carolina because she received coverage under Nebraska law.  This
 assertion is without merit.  Claimants who
 accept workers compensation benefits in another state are not precluded from
 seeking additional benefits for which they are authorized to file in South Carolina.  Holman v. Bulldog Trucking Co.  311 S.C. 341, 344, 428 S.E.2d
 889, 891 (Ct. App. 1993).  Furthermore, the Nebraska workers compensation
 coverage agreement does not operate to prohibit coverage in South Carolina.  See S.C. Code Ann. § 42-1-610 (2004) (stating no contract shall operate to relieve
 an employer of any obligation created by the Workers Compensation Act); S.C.
 Code Ann. § 42-1-620 (Supp. 2006) (stating an agreement by an employee to waive
 his rights under the Workers Compensation Act is void). 
3.  Appellants argue the appellate panel lacked jurisdiction
 over Masseys claim for benefits because Werner hired Massey in Georgia, Werners home office is located in Nebraska, and the injury occurred in Arizona.  We
 disagree.
An injured worker can file a claim under the laws of the state where
 he is hired, he is injured, or his employment is located.  S.C. Code Ann. § 42-15-10 (Supp. 2006).  Here, South Carolina is the state of
 hire.  Massey accepted the position by telephone while in her home in South Carolina.  See OBriant v. Daniel Constr. Co., 279 S.C. 254, 256, 305
 S.E.2d 241, 243 (1983) (holding the existence of a contract establishes the
 employer-employee relationship; where acceptance is given by telephone, the
 place of contracting is where the acceptor speaks his acceptance).  In
 addition, Masseys employment was located in South Carolina.  Massey parked her
 truck at her home in South Carolina when she was not driving.  See Holman,
 311 S.C. at 346, 428 S.E.2d at 892 (stating employment is located in the state
 of the employees base of operations); See also Hill v. Eagle
 Motor Lines, 373 S.C. 422, 432, 645 S.E.2d 424, 429 (2007) (finding a truck
 drivers base of operations was in South Carolina because he received work
 assignments from his South Carolina home, started his road trips from his home,
 kept his truck at his home on the weekends, and received his paycheck at home). 
 Furthermore, Massey testified Werner told her she would be based out of her
 home because Werner does not have a South Carolina facility.  
4.  Appellants argue the appellate panel erred in determining
 Masseys weekly wage and compensation rate.  We find substantial evidence
 supports the appellate panels findings.
A claimants average weekly wage is generally calculated by
 dividing the claimants actual earnings in the four quarters prior to the
 injury by fifty-two weeks.  S.C. Code Ann. § 42-1-40 (Supp.
 2006).  Where the claimant worked only a short period of time prior to the
 injury, the wage can be calculated using the wage of a similarly situated
 employee.  Id.  Where the wage cannot be calculated using either of the
 foregoing methods, such other method . . . may be resorted to as will most
 nearly approximate the amount which the injured employee would be earning were
 it not for the injury.  Id.  The purpose of the average weekly wage
 statute is to arrive at a fair approximation of the claimants probable future
 earning capacity.  Sellers v. Pinedale Residential Ctr., 350 S.C. 183,
 191, 564 S.E.2d 694, 699 (Ct. App. 2002).  
Here, the appellate panel was not able to compute Masseys wages
 using the two methods provided in the Workers Compensation Act because Massey
 worked for a short amount of time prior to her injury, and Werner did not
 provide the commission with wage information.  Accordingly, the appellate panel
 did not err in using statistical information for truck drivers in the Greenville area to approximate Masseys weekly wage and compensation rate.  
 
AFFIRMED.
HUFF AND PIEPER, JJ. and GOOLSBY, A.J., concur. 

[1]  Appellants also assert the appellate panel erred in
 finding Werner is Masseys statutory employer.  We decline to address this
 issue because we find Werner was Masseys direct employer.