THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Marsha Elaine
 Massey, Employee, Respondent,
 v.
 Werner
 Enterprises, Inc., Employer, and Liberty Mutual Insurance Corp., Carrier, Appellants.
 
 
 

Appeal From Greenville County
 Doyet A. Early, III, Circuit Court Judge
Unpublished Opinion No. 2010-UP-001
Heard December 16, 2009  Filed January 7,
 2010 
Withdrawn, Substituted, and Refiled March
 24, 2010   
AFFIRMED IN PART, REVERSED IN PART

 
 
 
 Stanley Case, of Spartanburg, for Appellants.
 Donald Kamb, Jr., and Kathryn Williams, both of Greenville, for Respondent.
 
 
 

PER CURIAM: Marsha
 Massey filed this workers' compensation case[1] seeking to recover benefits for injuries she suffered while allegedly employed
 by Werner Enterprises, Inc.  Werner and its carrier, Liberty Mutual Group
 (collectively Appellants), denied the claim.  Appellants asserted the South
 Carolina Workers' Compensation Commission (the Commission) lacked jurisdiction
 and Massey was not entitled to benefits.  
After a hearing, the
 single commissioner awarded Massey temporary total disability benefits and
 causally related medical expenses, finding Massey was Werner's employee, not an
 independent contractor.  As an alternative ground, the single commissioner held
 Massey was a statutory employee under section 42-1-400 of the South Carolina
 Code.  The single commissioner awarded benefits based on an average weekly wage
 of $667.11.  Finally, the single commissioner held the Commission had
 jurisdiction because Massey was hired and employed in South Carolina.  
Appellants appealed to the Commission's appellate panel, which affirmed
 the single commissioner's findings.  Both the circuit court and this
 court affirmed.  Massey v. Werner Enterprises, Inc., Op. No. 2008-UP-126
 (S.C. Ct. App. filed Feb. 20, 2008).  Appellants then filed a petition
 for a writ of certiorari with the supreme court.  The supreme court granted
 certiorari and remanded the action to this court for further consideration of
 the independent contractor issue in light of the supreme court's recent opinion
 in Wilkinson v. Palmetto State Transp. Co., 382 S.C. 295, 676 S.E.2d 700
 (2009).[2]  Massey v. Werner Enterprises, Inc., Op. No. 2009-MO-034 (S.C. Sup. Ct.
 filed June 29, 2009).  The parties filed supplemental briefs with this court
 applying the Wilkinson opinion to the facts of this case.  We affirm in
 part and reverse in part.
LAW / ANALYSIS
I.  EMPLOYEE OR
 INDEPENDENT CONTRACTOR
Relying
 on Wilkinson, Appellants argue Massey is not entitled to South Carolina
 Workers' Compensation benefits because she was an independent contractor for
 workers' compensation purposes.  We agree.
Although the parties' contract must be considered in
 determining the nature of their relationship, the description of the
 relationship set forth in the contract is not dispositive.  Kilgore Group, Inc. v. S.C. Employment
 Sec. Comm'n, 313 S.C. 65,
 68-69, 437 S.E.2d 48, 50 (1993).  Rather, the
 test to determine whether an employer-employee relationship exists is if the
 alleged employer has the right and authority to control and direct the
 claimant's work or undertaking as to the manner or means of its
 accomplishment.  S.C. Workers' Comp. Comm'n v. Ray Covington Realtors, Inc.,
 318 S.C. 546, 547, 45 S.E.2d 302, 303 (1995).  In determining the right of
 control, an appellate court must examine the following four factors: (1) direct
 evidence of the right or exercise of control; (2) furnishing of equipment; (3)
 method of payment; and (4) right to fire.  Tharpe v. G.E. Moore Co., 254
 S.C. 196, 200, 174 S.E.2d 397, 399 (1970).  In Dawkins v. Jordan, the
 supreme court approved of adding the following framework to the analysis:

 [F]or
 the most part, any single factor is not merely indicative of, but, in practice,
 virtually proof of, the employment relation; while, in the opposite direction,
 contrary evidence is as to any one factor at best only mildly persuasive
 evidence of contractorship, and sometimes is of almost no such force at all.

341 S.C. 434, 439, 534 S.E.2d
 700, 703 (2000) (quoting Arthur Larson & Lex K. Larson, 3 Larson's
 Workers' Compensation Law § 61.04 (2000)).
In Wilkinson,
 however, the supreme court overruled the approach set forth in Dawkins,
 stating "[we] overrule Dawkins' analytical framework, for it most
 assuredly skews the analysis to a finding of employment.  We return to our
 jurisprudence that evaluates the four factors with equal force in both
 directions."  382 S.C. at
 300, 676 S.E.2d at 702.
Here,
 after considering the parties' contract and evaluating the four factors with
 equal force, we hold Massey was an independent contractor.  
Massey
 admits she and her husband entered into a "contract" with Werner to
 lease their truck pursuant to an owner-operator agreement. Moreover, Massey
 concedes she signed an "Owner-Operator Compensation Coverage
 Agreement," wherein she is referred to as a "Contractor," and
 she sought workers' compensation coverage under Nebraska law.  Further, in a
 "Declaration of Employment Status" document, Massey declared she was
 "self-employed."  See Kilgore Group,
 313 S.C. at 68-69, 437 S.E.2d at 50 (holding the description of the parties' relationship as set forth in the
 parties' contract must be considered, but the description is not dispositive in
 determining the nature of their relationship).  
An
 examination of the four factors also weighs in favor of holding Massey was an
 independent contractor.  As to the first factor, Massey retained the right to
 refuse any load Werner requested she haul.  Although Werner required Massey to
 affix Werner logos on the tractor, this requirement is in accordance with
 federal government regulations and should not be considered as evidence of
 control.  See Wilkinson, 382 S.C. at 302, 676 S.E.2d at 703.  Other evidence, however, shows Werner did maintain some control over
 Massey.  Massey could not drive the truck for personal errands or drive for
 another company.  In addition, Werner required Massey to use pre-approved fuel
 stops and service shops.  Werner also required Massey to install a global
 positioning satellite (GPS) system in her truck to track the location of the
 truck.  But see id. (holding the presence of a GPS system was not
 evidence of the motor carrier's control over its drivers when the system was
 for the benefit of customers tracking the shipment of goods). 
Regarding
 the second factor, the furnishing of equipment, Massey and her husband owned
 the tractor and leased it to Werner.  Massey testified she had the
 option to employ other individuals to drive the tractor, as long as the drivers
 were approved by Werner.  Although Werner provided Massey a gas card, Massey
 reimbursed Werner for the cost of gas.  As set forth above, the presence of
 Werner logos should not be considered as evidence of control.  See Wilkinson, 382 S.C. at 302, 676 S.E.2d
 at 703.  
As
 to the third factor, method of payment, Massey's testimony demonstrates Massey
 was paid as an independent contractor.  Massey testified in her deposition she
 was paid per mile and Werner deducted "fuel, insurance, tags, just about
 everything it took to operate the truck" from Massey's check.  Massey
 further testified she could refuse a load, but Werner "just didn't pay
 [her] for sitting there." 
Finally,
 although there is some evidence to the contrary,[3] Massey's testimony regarding the right to fire speaks for itself: 

 It was
 in the lease contract that you had to work so long with them and they couldn't
 even terminate  they had to have a good reason to terminate the lease. . .
 . I was under contract, under a lease that I had signed, that it [sic] would
 stay with them so long.

As set forth above, the factors weigh in favor of
 finding Massey was an independent contractor.  Accordingly, we reverse the
 circuit court and hold Massey was an independent contractor.  
II.  STATUTORY
 EMPLOYEE
As
 set forth above, the single
 commissioner awarded Massey benefits holding, as an alternative ground, that Massey
 was a statutory employee under section 42-1-400 of the South Carolina Code.   We did not address this issue in our prior
 unpublished opinion because we affirmed on the ground that Massey was Werner's direct
 employee.  The supreme court likewise did not address this issue.  Because we
 are now holding Massey was an independent contractor, we must decide whether
 Massey is nevertheless entitled to benefits as a statutory employee.[4] 
The statutory employment
 concept is based on section 42-1-400 of the South Carolina Code.  The section
 provides as follows:

 When
 any person, in this section and §§ 42-1-420 and 42-1-430 referred to as
 "owner," undertakes to perform or execute any work which is a 
 part of his trade, business or occupation and contracts with any other person (in this section and §§ 42-1-420 to
 42-1-450 referred to as "subcontractor") for the execution or
 performance by or under such subcontractor of
 the whole or any part of the work undertaken by such owner, the owner shall be
 liable to pay to any workman employed in the work any compensation under this
 Title which he would have been liable to pay if the workman had been
 immediately employed by him.

S.C.
 Code Ann. § 42-1-400 (Supp. 2008).  An activity is "part of [the owner's]
 trade, business, or occupation" for purposes of the statute if it (1) is
 an important part of the owner's business or trade; (2) is a necessary,
 essential, and integral part of the owner's business; or (3) has previously been performed
 by the owner's employees.  Olmstead v. Shakespeare, 354 S.C. 421, 424,
 581 S.E.2d 483, 485 (2003).  "If the activity at issue meets even one of
 these three criteria, the injured employee qualifies as the statutory employee of
 'the owner.'"  Id.
Here,
 Massey, a truck driver, sustained injuries while transporting loads for Werner,
 a common carrier.  Clearly, the transportation of goods is an important,
 integral part of Werner's trade, business, or occupation.
Further, Massey's status as an independent contractor
 does not preclude her from receiving benefits as a statutory employee.  See Smith v. T.H. Snipes & Sons, Inc., 306 S.C. 289, 411 S.E.2d 439
 (1991).  In Smith, Smith's decedent, a self-employed welder, was fatally
 injured while repairing a metal shearing machine in T.H. Snipes' place of
 business.  Id. at 290, 411 S.E.2d at 439.  Our supreme court found the
 decedent was T.H. Snipes' statutory employee even though the decedent was
 "self employed" and a "subcontractor."  Id. at
 290-91, 411 S.E.2d 439-40.  The court stated "nothing in the language of
 [§ 42-1-400] precludes classification of a subcontractor as a statutory
 employee."  Id. at 291, 411 S.E.2d at 440.  We see no distinction between Smith and this case, except that the decedent in Smith was a welder and
 Massey was a truck driver.
We therefore affirm the circuit court's holding that
 Massey is entitled to benefits as a statutory employee.
AFFIRMED IN PART AND REVERSED IN PART.[5]
PIEPER, J., and CURETON and GOOLSBY, A.JJ., concur.
AMENDMENT[6]
Appellants
 filed a petition for rehearing, arguing this court erred in holding Massey is
 entitled to benefits as a statutory employee.  Specifically, Appellants argue
 Massey cannot be a statutory employee because she did not elect to receive
 benefits as required by section 42-1-130 of the South Carolina Code (Supp.
 2009).  Massey filed a return to Appellants' petition, arguing this court erred
 in even addressing the issue because it was not preserved for our review.    
Although Appellants argued Massey was not a statutory employee
 because she "was not a workman employed by a subcontractor as contemplated
 by [section] 42-1-400," Appellants never argued Massey was not a statutory
 employee because she failed to elect to receive benefits under section
 42-1-130.  Furthermore, the circuit court did not
 rule on this particular issue.  In fact, in its analysis, the circuit court did
 not even mention the statutory employee issue, but it did "affirm the
 Order of the Commission as to all issues."[7] 
 We further note that Appellants did not file a Rule 59(e), SCRCP, motion to
 alter or amend the judgment asking the circuit court to address the issue.  
Accordingly,
 we hold this issue is not properly before us, and the Appellate Panel's holding
 is the law of the case.  See Noisette v. Ismail, 304 S.C. 56, 58,
 403 S.E.2d 122, 124 (1991) (holding the court of appeals should not address an
 issue that was not explicitly ruled on below); ML-Lee Acquisition Fund, L.P.
 v. Deloitte & Touche, 327 S.C. 238, 241, 489 S.E.2d 470, 472 (1997)
 (stating an unappealed ruling is the law of the case and should not be reconsidered by the appellate court).[8]
Our
 conclusion remains the same.  The order of the circuit court is reversed in
 part and affirmed in part.

[1] Prior to filing this action, Massey received benefits
 under Nebraska law.
[2] With facts similar to the
 case at hand, Wilkinson involved the issue of whether the claimant, a
 long-haul trucker, was an employee of or an independent contractor for Palmetto,
 an interstate motor carrier.  In that case, the supreme court reversed
 this court and held the claimant was an independent contractor.  Id.
[3]  Massey testified she could not drive a load for
 another company "and then come back to work."   In addition, Massey
 testified Werner would terminate the lease if she took more than four
 consecutive days off.  
[4] Appellants summarily addressed this issue in their
 initial brief and supplemental brief.  We address this issue giving Appellants
 the benefit of the doubt regarding whether this issue is properly before us.  See Bryson v. Bryson, 378 S.C. 502, 510, 662 S.E.2d 611, 615 (Ct. App. 2008)
 ("An issue is deemed abandoned and will not be considered on appeal if the
 argument is raised in a brief but not supported by authority."); Glasscock,
 Inc. v. U.S. Fidelity & Guar. Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691
 (Ct. App. 2001) ("[S]hort, conclusory statements made without supporting
 authority are deemed abandoned on appeal and therefore not presented for
 review.").
[5] In their initial brief, Appellants also raised the
 following arguments: (1) Massey is not entitled to
 benefits in South Carolina because she elected and received coverage under
 Nebraska law; (2) the commission lacked jurisdiction over Massey's claim for
 benefits; and (3) the
 commission erred in determining Massey's weekly wage and compensation rate. 
 Because these issues were not affected by the Wilkinson opinion or addressed
 in the supplemental briefs, we adopt our analysis from our prior unpublished opinion. See Massey, Op. No. 2008-UP-126.
[6] Per our order denying Appellants' petition for
 rehearing, we strike though the statutory employee section set forth above and
 substitute the following in its place.
[7] We note the single
 commissioner never ruled on whether Massey was entitled to benefits despite her
 failure to elect benefits.  
[8] We further note Appellants summarily addressed this
 issue in their initial brief, simply stating Massey was "not entitled to
 Workers' Compensation benefits under the South Carolina Workers' Compensation
 Act as a direct employee or as a statutory employee under [section]
 42-1-400."  See Bryson v. Bryson, 378 S.C. 502, 510, 662
 S.E.2d 611, 615 (Ct. App. 2008) ("An issue is deemed abandoned and will
 not be considered on appeal if the argument is raised in a brief but not
 supported by authority."); Glasscock, Inc. v. U.S. Fidelity & Guar.
 Co., 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("[S]hort,
 conclusory statements made without supporting authority are deemed abandoned on
 appeal and therefore not presented for review.").  Furthermore, Appellants
 made no mention of the issue in their statement of issues on appeal.  See Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which
 is not set forth in the statement of issues on appeal.")