**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Charles Waymon Murphy, Appellant,

v.

Lori Ann Niverson; Starr Distributing, LLC, Defendants,

Of Which Starr Distributing, LLC, is the Respondent,

AND

Starr Distributing, LLC, Third-Party Plaintiff,

v.

Arthur C. Niverson, Respondent.

Appellate Case No. 2021-000301

————

Appeal From Beaufort County
R. Ferrell Cothran, Jr., Circuit Court Judge

————

Unpublished Opinion No. 2023-UP-068
Submitted January 31, 2023 – Filed February 22, 2023

————

**AFFIRMED**

————

Kathleen Chewning Barnes, of Barnes Law Firm, LLC,
of Hampton, for Appellant.

Ian S. Ford, of Ford Wallace Thomson LLC, of Charleston; and Kelly Dennis Dean and Ernest Mitchell Griffith, both of Griffith Freeman & Liipfert, LLC, of Beaufort, all for Respondents.

---

**PER CURIAM:** Charles Waymon Murphy appeals the circuit court's order granting Starr Distributing, LLC and Arthur Niverson's motions for summary judgment as to all of Murphy's claims based on *respondeat superior*. On appeal Murphy argues the circuit court erred by finding that Niverson's conduct did not fall within the first, second, and fifth exceptions to the going and coming rule; and granting summary judgment to Murphy's negligent supervision claim. We affirm.

Because Niverson is an independent contractor and not an employee of Starr Distributing, LLC, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *Coker v. Cummings*, 381 S.C. 45, 51, 671 S.E.2d 383, 386 (Ct. App. 2008) ("When reviewing the grant of a summary judgment motion, this court applies the same standard that governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."); *Kilgore Grp., Inc. v. S.C. Emp. Sec. Comm'n*, 313 S.C. 65, 68, 437 S.E.2d 48, 49 (1993) ("Under South Carolina common law, the primary consideration in determining whether an employer-employee relationship exists is whether the purported employer has the right to control the servant in the performance of his work and the manner in which it is done."); *id.* at 68, 437 S.E.2d at 49-50 ("The principal factors indicating the right of control are (1) direct evidence of the right to, or exercise of, control; (2) method of payment; (3) furnishing of equipment; and (4) right to fire."); *id.* at 68, 437 S.E.2d at 50 ("The contract entered into by the parties must be considered in determining the nature of their relationship and has considerable weight."); *Pratt v. Morris Roofing, Inc.*, 353 S.C. 339, 352, 577 S.E.2d 475, 482 (Ct. App. 2003), *aff'd as modified*, 357 S.C. 619, 594 S.E.2d 272 (2004) ("Further, the 'going and coming rule' does not apply to independent contractors."); *Rock Hill Tel. Co. v. Globe Commc'ns, Inc.*, 363 S.C. 385, 390, 611 S.E.2d 235, 238 (2005) ("The general rule is that an employer is not vicariously liable for the negligent acts of an independent contractor."); *James v. Kelly Trucking Co.*, 377 S.C. 628, 631, 661 S.E.2d 329, 330 (2008) ("[A]n employer [can] be independently liable. . . where an employer knew or should have known that its employment of a specific person created an undue risk of harm to the public.").

**AFFIRMED.**[1]

**WILLIAMS, C.J., THOMAS, J., and LOCKEMY, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.